The Honorable Tana Lin

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANET SIHLER, Individually and On Behalf of All Others Similarly Situated; CHARLENE BAVENCOFF, Individually and On Behalf of All Others Similarly Situated,<br><br>Petitioners,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Respondent. | No. 2:24-mc-00062 TL<br><br>OPPOSITION TO MOTION TO COMPEL COMPLIANCE WITH SUBPOENA FOR PRODUCTION OF DOCUMENTS BY NON-PARTY MICROSOFT CORPORATION<br><br>NOTED FOR MOTION CALENDAR:  October 31, 2024<br><br>Underlying action: *Sihler et. al. v Global E-Trading LLC, et al.* (Middle District of Florida, Case No. 8:23-CV-1450-VMC-UAM) |

OPPOSITION TO MOTION TO COMPEL MICROSOFT'S
COMPLIANCE WITH SUBPOENA (2:24-mc-00062 TL) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................................3

II. BACKGROUND ..................................................................................................................4

    A. Microsoft Has No Connection to the Underlying Action. ....................................4

    B. Petitioners Subpoena Microsoft for the Same Records Mr. Flynn Is Obligated to Provide. ..........................................................................................4

    C. Petitioners' Subpoena Demands that Microsoft Produce Materials Shielded under the ECPA. .....................................................................................5

    D. The Parties Begin the Meet and Confer Process, Which Remains Ongoing. ......5

III. LEGAL STANDARDS .........................................................................................................7

    A. Microsoft Is Entitled to Protection Under Rule 45. ...............................................7

    B. The Electronic Communications Privacy Act Prohibits Microsoft's Compliance with Petitioners' Document Requests. ...............................................7

IV. ARGUMENT .........................................................................................................................7

    A. The Motion Should Be Denied as Premature Because the Parties Have Not Reached Impasse. ............................................................................................8

    B. The ECPA Requires Denial of the Motion. ...........................................................9

    C. Petitioners Have Not Justified The Burden Upon Microsoft. .............................12

        1. Mistrust of Mr. Flynn Is Not a Basis For Burdening Non-Party Microsoft. ..................................................................................................12

        2. Information Within Microsoft's Possession, Custody and Control Has Limited Probative Value and Does Not Justify the Burden of Production. ................................................................................................13

V. CONCLUSION ....................................................................................................................14

OPPOSITION TO MOTION TO COMPEL MICROSOFT'S
COMPLIANCE WITH SUBPOENA (2:24-mc-00062 TL) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## I. INTRODUCTION

Petitioners Janet Sihler and Charlene Bavencoff ("Petitioners") should have agreed to non-party Microsoft Corporation's ("Microsoft's") request to postpone the noting date for this motion to compel compliance with Petitioners' subpoena ("Motion"). Petitioners only recently sought to comply with Microsoft's requirements for legal requests seeking Skype customer communications, and could have avoided burdening the Court and non-party Microsoft with this Motion. Petitioners are actively working with numerous entities, including Microsoft, the owner of the requested communications (Mr. David Flynn), and a third-party forensic IT vendor, to attempt to resolve the dispute. Petitioners and Microsoft have not reached impasse and within a few weeks are likely to know whether this discovery dispute can be amicably resolved. As such, the Motion should be denied as premature.

Microsoft is not a party to the underlying action pending in the United States District Court for the Middle District of Florida ("Underlying Action")[1]. Petitioners (plaintiffs in the Underlying Action) allege that Mr. Flynn used Microsoft's product Skype to confer with his co-conspirators regarding alleged fraud that is the subject of the Underlying Action. Mot. at 3. Mr. Flynn produced hundreds of Skype messages to Petitioners, and they did not move to compel any further production from him. Instead, Petitioners issued a subpoena demanding that Microsoft produce to Petitioners the same Skype conversations as those produced by Mr. Flynn. Leaving aside its prematurity, Petitioners' motion should be denied for two additional reasons.

*First*, the Electronic Communications Protection Act of 1986 ("ECPA") prohibits Microsoft from making the requested disclosure without Mr. Flynn's consent. When addressing requests that implicate the ECPA, Microsoft employs a standardized account verification form the account holder must complete to confirm identity and valid consent to the disclosure. When provided with the form, Mr. Flynn *altered its wording* to affirmatively disclaim his consent for the release of his full Skype records, and instead consented for only selected messages to be disclosed. Thus, the Motion should be denied because Microsoft's obligations under the ECPA

---

[1] *Sihler v. Global E-Trading, LLC*, No. 8:23-cv-1450-VMC-JSS (M.D. Fl. 2023).

OPPOSITION TO MOTION TO COMPEL MICROSOFT'S
COMPLIANCE WITH SUBPOENA (2:24-mc-00062 TL) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

restrain its ability to disclose the requested records with only qualified consent from Mr. Flynn.

*Second*, Petitioners' document requests to Microsoft constitute an undue burden on a non-party. There are no Skype communications that Microsoft could access that are not available to Mr. Flynn. Seeking targeted production of Skype communications directly from Mr. Flynn protects his interest in limiting production to relevant communications and eliminates the burden on non-party Microsoft.

## II.   BACKGROUND

### A.   Microsoft Has No Connection to the Underlying Action.

The Underlying Action alleges Mr. Flynn participated in a fraudulent scheme involving product sales and financial impropriety. Mot. at 3. Mr. Flynn is not technically a party to the Underlying Action, but that is only because Petitioners settled with Mr. Flynn in another lawsuit Petitioners had previously filed related to this same alleged fraud (the "Settlement"). Mot. at 2 fn. 1. As part of the Settlement, Mr. Flynn agreed to "provide [Petitioners'] Counsel full and complete copies of all written communications in his possession with any defendant or employee of a defendant in the [Underlying Action], including without limitation … Skype chats[.]" Mot., Ex. B at 8, ¶ IV.1. According to Petitioners, Mr. Flynn failed to follow through on that obligation. Mot. at 3.

### B.   Petitioners Subpoena Microsoft for the Same Records Mr. Flynn Is Obligated to Provide.

Petitioners have never moved to compel Mr. Flynn to produce the Skype records they claim he omitted from his production, despite knowing that he has access to all the messages in his account due to his use of a Skype export tool. Mot. at 5. Nor have Petitioners attempted to enforce his contractual obligation in the Settlement to produce those messages. Yet Petitioners served non-party Microsoft with a subpoena seeking the exact same records Mr. Flynn is obligated to provide. Microsoft's Objections confirmed that Microsoft's access to Mr. Flynn's Skype messages is entirely co-extensive with Mr. Flynn's access; Microsoft does not retain or "backup" deleted Skype messages. Mot., Ex. G at 3.

OPPOSITION TO MOTION TO COMPEL MICROSOFT'S
COMPLIANCE WITH SUBPOENA (2:24-mc-00062 TL) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

### C. Petitioners' Subpoena Demands that Microsoft Produce Materials Shielded under the ECPA.

Petitioners served Microsoft with the subpoena on or around June 21, 2024. It sought Mr. Flynn's Skype communications with at least seventeen other alleged account holders, and Petitioners provided unique Skype usernames or "handles" for only twelve of them. Mot., Ex. A. Microsoft timely objected to the subpoena including but not limited to because: (a) Mr. Flynn had not provided valid, verified consent according to Microsoft's standard procedures, thus the requested disclosure was barred by the ECPA; (b) Microsoft was unable to search Skype records by name, thus five of the requests were infeasible on their face; and (c) the subpoena sought to impose a burden on non-party Microsoft disproportionate to the needs of the case. Microsoft declined to produce any documents in response to the subpoena.

### D. The Parties Begin the Meet and Confer Process, Which Remains Ongoing.

On August 20, 2024, and August 27, 2024, counsel for Microsoft met and conferred with counsel for Petitioners and re-stated Microsoft's objections. *See* Murphy Decl. ¶¶ 5–6. In particular, Microsoft stated that it could not produce any data without verified consent from Mr. Flynn as the account holder. *Id*. Microsoft further reminded Petitioners that it could not recover messages that Mr. Flynn's had deleted, nor messages from chat groups following Mr. Flynn's exit from the group. *Id*. ¶ 6. Microsoft confirmed in a September 4, 2024, email to Petitioners that it maintained its objections. *Id*. ¶ 8 & Ex. 2 (Sept. 4, 2024, email).

Microsoft did not hear from Petitioners again until this Motion was filed one month later, on October 2, 2024. Counsel again met and conferred on October 7, 2024, during which Microsoft explained the process for obtaining verified consent to produce Skype communications in compliance with the ECPA. *Id.* ¶ 10. Microsoft shared the Skype verified consent form with Petitioners for Mr. Flynn to complete. *Id*., Ex. 3 (Skype Verified Consent Form). Counsel for Petitioners returned the completed form to counsel for Microsoft on October 11, 2024. *Id*. ¶ 11 & Ex. 4 (Completed Skype Verified Consent Form). Mr. Flynn included, however, the following qualification with his consent form:

OPPOSITION TO MOTION TO COMPEL MICROSOFT'S
COMPLIANCE WITH SUBPOENA (2:24-mc-00062 TL) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

> \* Consent is only given for the following:
> Requests (1 (Nicholas Carroll), 2 (Johnny Deluca), 3 (Benjamin Scrancher), 4 (Meghan O'Donnell), 5 (m.jacula), 6 (Melissa Flipski), 7 (Gary Cardone), 8 (Monica Eatone/Cardone), 9(Anthony Pugliese)[,] 10 (Brandon Figueroa), 11 (Aurora Marshall), 20 (Chargebacks911)) that are found in the attached Plaintiffs Amended Notice of Subpoena to Produce Documents to Microsoft Corporation Dated June 21, 2024, regarding Case # 8:23-cv-1450-VMC-JSS

*Id*. (spacing altered).

Counsel met and conferred again on October 14, 2024. *See id*. ¶ 12. Microsoft explained that it needed Mr. Flynn's *unqualified* consent before it could disclose Skype communications, and informed Petitioners that it had begun the process of verifying the limited consent that Mr. Flynn did provide. *Id*. Microsoft further suggested that Petitioners (a) attempt to obtain Mr. Flynn's full consent, and (b) consider allowing Microsoft to produce directly to Mr. Flynn and employing a third-party vendor to isolate the requested conversations if required to ensure Mr. Flynn had not altered the data received from Microsoft. *Id*.

Over the next several days, counsel for the parties communicated over email, and Microsoft requested a two-week extension to file this Opposition to allow the efforts to resolve matters to continue. *See id*. ¶¶ 13–16 & Exs. 5-7. Counsel for Petitioners admitted that it was actively working with Mr. Flynn to allow for production via a third-party vendor, and also working to secure his unqualified consent for Microsoft's disclosure of his records, but nonetheless refused any extension. Counsel for Microsoft also explained that the Skype handles provided for half of the alleged interlocutors with Mr. Flynn did not exist. *See id*. Decl. ¶ 13.

Microsoft then requested a mere *one-week* extension to further investigate these and related issues, but Petitioners again refused, citing unexplained concern for "the discovery deadline in the underlying action." *See id*., Ex. 8. In reality, nothing in the Case Management and Scheduling Order in the Underlying Action has any relevance to a one- or two-week postponement of this Motion; it requires merely that motions to compel be *filed* before the discovery cutoff, which has already occurred here. *Sihler v. Global E-Trading, LLC, et al.*, Case

OPPOSITION TO MOTION TO COMPEL MICROSOFT'S COMPLIANCE WITH SUBPOENA (2:24-mc-00062 TL) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

No: 8:23-cv-1450-VMC-JSS, ECF No. 38 (M.D. Fl. 2023).

### III.   LEGAL STANDARDS

#### A.   Microsoft Is Entitled to Protection Under Rule 45.

Federal Rule of Civil Procedure 45 governs third-party subpoenas. A party issuing a Rule 45 subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Rule 26 also prohibits discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," or where "the burden or expense of the proposed discovery outweighs its likely benefits." Fed. R. Civ. P. 26(b)(2)(C)(i), (iii).

#### B.   The Electronic Communications Privacy Act Prohibits Microsoft's Compliance with Petitioners' Document Requests.

The Electronic Communications Privacy Act ("ECPA") prohibits a "person or entity providing an electronic communication service to the public" or "a person or entity providing remote computing service to the public" from disclosing the contents of electronic communications absent consent of the account holder.[2] 18 U.S.C. § 2702(a), (b). This prohibition includes requests for disclosure contained within civil subpoenas. 18 U.S.C. 2702(b) (listing exceptions to the prohibition but not including civil discovery); *In re Path Network, Inc.*, 703 F. Supp. 3d 1046, 1067 (N.D. Cal. 2023); *Xie v. Lai*, No. 19-mc-80287-SVK, 2019 WL 7020340, at *5 (N.D. Cal. Dec. 20, 2019) ("It is well-established that civil subpoenas, including those issued pursuant to [Section] 1782, are subject to the prohibitions of the Stored Communications Act."); *see Fed. Trade Comm'n v. Netscape Commn's Corp.*, 196 F.R.D. 559, 561 (N.D. Cal. 2000) ("There is no reason for the court to believe that Congress could not have specifically included discovery subpoenas in the statute had it meant to.").

### IV.   ARGUMENT

The Motion should be denied for three reasons. *First*, it is premature; addressing it now

---

[2] The statute provides for other exceptions not relevant here, such as where an emergency involving death or serious physical injury to a person requires immediate disclosure to a governmental entity. *See generally* 18 U.S.C. § 2702. The Stored Communications Act is part of the ECPA.

OPPOSITION TO MOTION TO COMPEL MICROSOFT'S COMPLIANCE WITH SUBPOENA (2:24-mc-00062 TL) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

would be a waste of judicial resources. *Second*, Petitioners are still working on collecting ECPA-compliant consent that would allow Microsoft to disclose the requested records. *Third*, Petitioners' document requests place an undue burden upon non-party Microsoft, given that the Skype records are fully available to its customer, Mr. Flynn.

### A. The Motion Should Be Denied as Premature Because the Parties Have Not Reached Impasse.

It is undisputed that both sides are still actively pursuing avenues to facilitate Microsoft's production of the requested records. Meet and confer efforts are ongoing; the Motion should be denied on this basis alone.

Specifically, the following ongoing efforts render the Motion unripe for review: (a) Petitioners are attempting to secure Mr. Flynn's consent to the production of his entire Skype message history through Microsoft's standard verification process; (b) Microsoft is in the process of confirming the extent to which the specific information at issue is available; and (c) Microsoft has suggested the common sense solution that it produce the entire Skype message file *to Mr. Flynn*, and Petitioners would then utilize a third party forensic discovery vendor to isolate the relevant conversations and determine whether Mr. Flynn has altered the data post-production. These continuing, substantial efforts to resolve the dispute render it likely that the issues raised in the Motion will be mooted. Petitioners have not and could not suggest that Microsoft's ongoing efforts are deficient. Yet Petitioners rejected Microsoft's request to briefly postpone the hearing to allow this process to play out. Murphy Decl. ¶¶ 14-16, Exs. 5-8.

The prematurity of the Motion violates the spirit of Federal Rule of Civil Procedure 37 and Local Civil Rule 37, both of which require that a movant have a good faith basis for seeking court intervention. *See* Fed. R. Civ. P. 37(a)(1); *Elec. Mirror, LLC v. Avalon Glass & Mirror Co.*, No. 16-0665-RAJ, 2018 WL 3862250, at *1 (W.D. Wash. Aug. 14, 2018) (purpose of Rule 37 is to "minimize waste of judicial time and resources on issues that could have been resolved amongst the parties"); LCR 37(a)(1). In light of Microsoft's above-described diligent and ongoing attention to Petitioners' subpoena, Petitioners cannot claim any legitimate basis for

OPPOSITION TO MOTION TO COMPEL MICROSOFT'S
COMPLIANCE WITH SUBPOENA (2:24-mc-00062 TL) - 8

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

involving the Court at this time. *See, e.g.*, *Guirguis v. U.S. Bank Nat'l Ass'n as Tr. for GSR Mortg. Loan Tr. 2006-4F Mortg. Pass-Through Certificate Series 2006-4F*, No. C18-1456-JCC, 2019 WL 5535720, at *2 (W.D. Wash. Oct. 25, 2019) (denying motion to compel as premature where the parties had not yet reached an impasse).

*Guirguis* is particularly on point. There, the moving party refused to postpone or withdraw a motion to compel, notwithstanding that the responding party was still in the process of searching for documents. In denying the motion, the Court held: "Plaintiff's actions do not demonstrate a good-faith attempt to resolve the discovery dispute without the Court intervening; they instead evince Plaintiff's willingness to get the Court involved before the parties had reached an impasse in their discussions." *Id*. at *2. Just so, here: the parties have not reached an impasse. Murphy Decl. ¶¶ 13-16, Exs. 5-8; *see Bennett v. Home Servicing Corp*., No. C06-874MJP, 2007 WL 3010427, at *1 (W.D. Wash. Oct. 12, 2007) (denying motion for discovery sanctions where "the parties had not finished attempting to narrow the issues before Plaintiffs filed their motion"); *Beasley v. State Farm Mut. Auto. Ins. Co*., No. C13-1106-RSL, 2014 WL 1268709, at *2 (W.D. Wash. Mar. 25, 2014) (denying motion to compel because "the parties were still attempting to resolve their disputes and there is reason to believe that a good faith effort would have resulted in the production of documents Plaintiff seeks").

Perhaps recognizing that they moved to compel prematurely, Petitioners omitted from their Motion the required LCR 37 certification, which requires details of the good faith effort to resolve a discovery controversy without court intervention. *See* LCR 37(a)(1). Petitioners' violation of this rule also weighs in favor of denying the Motion. *See, e.g.*, *Slaughter v. Glebe*, No. 3:15-cv-05484-BHS, 2018 WL 1365823, at *1 (W.D. Wash. March 15, 2018) (denying motion to compel "without addressing the merits" because plaintiff did not submit LCR 37(a)(1) certification).

### B.  The ECPA Requires Denial of the Motion.

To the extent the Court deems the Motion ripe for consideration, it must be denied

OPPOSITION TO MOTION TO COMPEL MICROSOFT'S COMPLIANCE WITH SUBPOENA (2:24-mc-00062 TL) - 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

because Petitioners have not obtained valid consent under the ECPA.  It is undisputed that Petitioners seek the content of electronic communications covered under the ECPA, and that the ECPA mandates that Microsoft obtain account holder consent before producing communications pursuant to a civil subpoena.  *See* 18 U.S.C. § 2702; Mot. at 11.  And it is well-established that the issuance of a civil subpoena does not obviate the ECPA's requirement that valid consent of the account holder must be obtained prior to the disclosure of covered communications.  18 U.S.C. 2702(b) (not including civil discovery as an exception to the requirements of ECPA); *see, e.g.*, *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 611 (E.D. Va. 2008) (holding that civil discovery does not provide an exception to the ECPA's prohibition on disclosure of electronic communications without account holder consent); *J.T. Shannon Lumber Co., Inc. v. Gilco Lumber Inc.*, No. CIV.A. 207CV119SASAA, 2008 WL 4755370, at *1 (N.D. Miss. Oct. 29, 2008) (same).

To ensure compliance with the ECPA when confronted with a request that seeks the disclosure of ECPA-protected communications, Microsoft has implemented a standard consent form and verification process to confirm that consent is in fact coming from the account holder.  Murphy Decl., Ex. 3.  The form asks for basic information only the account holder should know (or could easily obtain), such as the first and last name of the account holder, the account holder's address and year of birth, the approximate date of account creation, the approximate date of the last login for the account, and the internet service provider used for the account.  *Id*.  Microsoft's consent verification process ensures that parties obtain the knowing consent of the actual account holder, and thus is pivotal to ensuring Microsoft's compliance with federal law and the privacy of its customers' sensitive personal communications.

Microsoft provided its required consent form to Petitioners' counsel to pass on to Mr. Flynn.  *Id*., Ex. 3.  But instead of completing the form, Mr. Flynn altered it before execution, *affirmatively disclaiming any consent to the disclosure of his complete Skype records*, and instead consented merely to the disclosure of a few select conversations.  *Id*., Ex. 4.  Petitioners are presently attempting to persuade Mr. Flynn to sign the verification form without alterations

OPPOSITION TO MOTION TO COMPEL MICROSOFT'S
COMPLIANCE WITH SUBPOENA (2:24-mc-00062 TL) - 10

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

to provide the missing account holder consent required by the ECPA.

To be sure, Petitioners claim a separate declaration from Mr. Flynn allegedly providing his consent suffices for ECPA compliance. But this declaration does not adhere to Microsoft's standard procedure for ensuring EPCA compliance through consent of the confirmed account holder. Petitioners cite only one case in support of the proposition that a declaration constitutes *de facto* consent under the ECPA, namely *Super Vitaminas, S.A.*, No. 17-mc-80125-SVK, 2017 U.S. Dist. LEXIS 191845 (N.D. Cal. Nov. 20, 2017); Mot. at 12.[3] That case is inapposite. In *Super Vitaminas*, both declarants disclaimed any ownership or privacy interest in company emails but nevertheless provided consent for the company to access email content to the extent needed. Murphy Decl., Exs. 9-10. Each declaration emphasized: "I do not assert ownership of the email address or the content of any of the emails sent from or received by that email address." (Case 5:17-mc-80125-SVK; N.D. Cal. 2071, ECF No. 7 at 3 ¶ 7; ECF No. 8 at 4 ¶ 7) This scenario is a far cry from Mr. Flynn's declaration, which makes clear that he is the owner of the Skype account in question, he already provided counsel with an export of his Skype chats, and he merely consents to Microsoft "producing to [Petitioners] . . . any Skype chat … if such Skype chats or conversations include any of the following individuals," followed by a list of 18 names or purported Skype handles. This limited consent is insufficient.

Microsoft does not take the consent requirements imposed by the ECPA lightly. It has put a process in place to ensure that it follows the requirements of the ECPA with respect to any requests to divulge a customer's electronic communications. In the absence of any consent from Mr. Flynn that satisfies the ECPA's requirements, the Motion should be denied.

---

[3] The case is not available on Westlaw, thus Microsoft provides the cited docket entries as Exhibits 9-10 to the Declaration of Mark Murphy.

OPPOSITION TO MOTION TO COMPEL MICROSOFT'S
COMPLIANCE WITH SUBPOENA (2:24-mc-00062 TL) - 11

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**C.     Petitioners Have Not Justified the Burden Upon Microsoft.**

        **1.     Mistrust of Mr. Flynn Is Not a Basis for Burdening Non-Party Microsoft.**

Petitioners' sole justification for seeking Mr. Flynn's Skype records from Microsoft—as opposed to contenting themselves with the reams of messages Mr. Flynn produced—is a purported disbelief that Mr. Flynn has provided complete and accurate records. But such mistrust cannot justify burdening a non-party with onerous requests for production, where the purpose is solely to cross-check materials produced by other witnesses. Mr. Flynn produced hundreds of Skype messages to Petitioners. Mot., Ex D.

Petitioners' argument that Mr. Flynn's alleged discovery delinquencies justify burdening Microsoft fails for two reasons.

*First*, counsel for Microsoft has already suggested a simple procedure that would obviate the need for any production from Microsoft: Microsoft could provide Mr. Flynn's entire Skype record to Mr. Flynn, or Mr. Flynn could download his entire Skype message database using the Skype export tool, and Petitioners could engage a third party forensic IT analyst to (a) segregate the requested records, which Mr. Flynn has consented to be disclosed to Petitioners, and (b) ensure that Mr. Flynn did not delete any records after Microsoft provided them. Petitioners' counsel in fact engaged a vendor to do so after they filed their motion, yet still refused to delay the hearing until the vendor has completed its work.

*Second*, Mr. Flynn is not the typical, disinterested "non-party" witness. He was a party to the companion case to the Underlying Action, and reached a settlement with Petitioners that specifically addressed his discovery obligations in this case. Mot., Ex. B. He has an interest in the Underlying Action insofar as he is alleged to have been directly involved with the fraudulent scheme at the heart of the case. As such, while technically a non-party to the Underlying Action, as between Mr. Flynn and Microsoft, Microsoft is the only genuine non-party, and on that basis, Petitioners' attempt to shift the burden to Microsoft is not appropriate. *See* Fed. R. Civ. P. 45(d)(1); *Kim v. NuVasive, Inc.*, No. 11cv1370, 2011 WL 3844106, at *2 (S.D. Cal. Aug. 29, 2011) ("Non-parties deserve extra protection from the courts.").

OPPOSITION TO MOTION TO COMPEL MICROSOFT'S
COMPLIANCE WITH SUBPOENA (2:24-mc-00062 TL) - 12

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

### 2. Information Within Microsoft's Possession, Custody and Control Has Limited Probative Value and Does Not Justify the Burden of Production.

Much of the information Petitioners request is not within Microsoft's possession, custody or control.  Specifically: (a) at least half of the Skype handles Petitioners allege to have been interlocutors with Mr. Flynn in fact do not exist; (b) Microsoft does not keep any "backup" files of messages that an account holder has deleted, thus it is likely that any electronic communications that produced by Microsoft would be duplicative of Mr. Flynn's production; and (c) even were it to produce Mr. Flynn's entire message history, that repository would not contain messages from chat groups after Mr. Flynn exited the group.  As such, Petitioners' claim that Microsoft's production of select Skype conversations is "directly probative" is unsupported, especially in light of the hundreds of pages of Skype messages Mr. Flynn has already produced.

"The apparent relevance of the information a subpoena seeks informs the extent to which its burden is due, and the court must balance relevance, the requesting party's need for information, and the hardship to the subpoena's target." *Myhryold v. Lodsys. Grp. LLC*, No. C13–1173RAJ, 2013 WL 5488791, at * 2 (W.D. Wash. Sept. 27, 2017).  The party moving to compel against a non-party must show the requests are relevant and necessary.  *See Kaiyala v. City of Seattle*, No. C91–1609R, 1992 WL 396329, at *2 (W.D. Wash. Sept. 21, 1992) ("[P]laintiff has not yet demonstrated that the burden his discovery would impose on [non-parties] is justified by the probative value of the material he seeks").  Furthermore, whether information is at all relevant to the underlying case is "fundamentally different from the question [of] whether the requested information [is] *relevant enough* to justify on balance a decision to impose the burden of information production on the subpoenaed non-party." *Pac. Century Int'l, Ltd. v. Does 1-37*, 282 F.R.D. 189, 200 (N.D. Ill. 2012).

Here, Petitioners have not carried their burden of showing sufficient relevance to counterbalance the burden to Microsoft, given that the only production Microsoft is able to make consists of merely (a) conversation threads Mr. Flynn did not delete with a handful of the interlocutors; and (b) messages sent in chat groups of which Mr. Flynn remains a member.

OPPOSITION TO MOTION TO COMPEL MICROSOFT'S
COMPLIANCE WITH SUBPOENA (2:24-mc-00062 TL) - 13

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## V.   CONCLUSION

For the foregoing reasons, the Motion should be denied.

DATED this 24th day of October, 2024.

> DAVIS WRIGHTTREMAINE LLP
> Attorneys for Microsoft Corporation
>
> By  */s/ James Howard*
> James Howard, WSBA #37259
> 920 Fifth Avenue, Suite 3300
> Seattle, WA  98104-1610
> Telephone: 206.757.8336
> Email: jimhoward@dwt.com
>
> I certify that this memorandum contains 4137 words, in compliance with the Local Civil Rules.

OPPOSITION TO MOTION TO COMPEL MICROSOFT'S COMPLIANCE WITH SUBPOENA (2:24-mc-00062 TL) - 14

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax