1

2                                                    The Honorable Tana Lin

3

4

5                   UNITED STATES DISTRICT COURT
6          FOR THE WESTERN DISTRICT OF WASHINGTON
                            AT SEATTLE
7

8   JANET SIHLER, Individually and On Behalf of      No. 2:24-mc-00062 TL
    All Others Similarly Situated; CHARLENE
9   BAVENCOFF, Individually and On Behalf of
    All Others Similarly Situated,
10                                                   DECLARATION OF MARK
                          Petitioners,               MURPHY IN SUPPORT OF
11                                                   OPPOSITION TO MOTION TO
                                                     COMPEL COMPLIANCE WITH
12          v.                                       SUBPOENA FOR PRODUCTION
                                                     OF DOCUMENTS BY NON-
13                                                   PARTY MICROSOFT
    MICROSOFT CORPORATION,                           CORPORATION
14                        Respondent.
15                                                   NOTED FOR MOTION
                                                     CALENDAR:  October 31, 2024
16

17
                    **DECLARATION OF MARK MURPHY**
18
          I, Mark Murphy, declare and state as follows:
19
          1.      I am an attorney at Davis Wright Tremaine LLP, and this firm represents
20
    Microsoft Corporation ("Microsoft") in the above-captioned matter.
21
          2.      I submit this declaration in support of Microsoft's Opposition to Motion to
22
    Compel Compliance with Subpoena for Production of Documents by Non-Party Microsoft
23

24

DECLARATION OF MARK MURPHY (2:24-mc-00062-TL) - 1

Corporation in the above-captioned matter (the "Motion"). I base this declaration on my own personal knowledge and experience.

3. On June 24, 2024, Petitioners served on Microsoft a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena"). *See* Motion Ex. A (Subpoena).

4. On July 12, 2024, Microsoft served its Objections to Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Objections"). *See* Motion Ex. G (Objections).

5. On August 20, 2024, counsel for Microsoft met and conferred with counsel for Petitioners regarding the Subpoena and Objections. At that meeting, Microsoft informed Petitioners that Microsoft could not produce any Skype content data in response to the Subpoena without verified consent from David Flynn (the purported Skype account holder) under the Electronic Communications Privacy Act ("ECPA"). Microsoft also informed Petitioners that it would be less burdensome to obtain the requested documents directly from Mr. Flynn than from Microsoft.

6. On August 27, 2024, counsel for Microsoft again met and conferred with counsel for Petitioners. In that meeting, Petitioners stated that they had concerns regarding the completeness and reliability of Mr. Flynn's previous production of Skype messages. Petitioners also stated that they were seeking Skype records of group chats that Mr. Flynn may have exited and was therefore unable to access. Microsoft reiterated its burden objection and the need for verified consent from Mr. Flynn. Microsoft also stated that it would not have any greater access to Skype communications than Mr. Flynn as account holder; *i.e.*, if Mr. Flynn had deleted or exited certain chats, Microsoft would not have a record of those communications in his account.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Finally, Microsoft informed Petitioners that there was no way to isolate certain communications in a production and could only produce all communications within a given date range.

7.      On August 29, 2024, counsel for Petitioners emailed counsel for Microsoft. Petitioners argued that they needed Microsoft to produce Mr. Flynn's Skype communications because they "reasonably believed that the produced conversations are cherry-picked." Petitioners further argued that only Microsoft—and not Mr. Flynn—could produce records from group chats that Mr. Flynn had exited.  A true and correct copy of the August 29, 2024, email is attached hereto as Exhibit 1.

8.      On September 4, 2024, counsel for Microsoft emailed counsel for Petitioners. Microsoft informed Petitioners that it maintained its objections to the Subpoena and requested updates should anything change in the underlying litigation.  A true and correct copy of the September 4, 2024, email is attached hereto as Exhibit 2.

9.      On October 2, 2024, Petitioners filed this Motion.

10.     On October 7, 2024, counsel for Microsoft met and conferred with counsel for Petitioners.  In that meeting, Microsoft explained to Petitioners the process for obtaining verified consent from Mr. Flynn to comply with ECPA.  Microsoft then sent counsel for Petitioners a verified consent form for Petitioners to share with Mr. Flynn.  A true and correct copy of the Skype consent form is attached hereto as Exhibit 3.

11.     On October 11, 2024, counsel for Petitioners emailed counsel for Microsoft the consent form filled out by Mr. Flynn.  The form contained the following qualification from Mr. Flynn:

> * Consent is only given for the following[]:
> Requests (1 (Nicholas Carroll), 2 (Johnny Deluca), 3 (Benjamin Scrancher)[], 4 (Meghan O'Donnell)[],[ ]5 (m.jacula), 6[ ](Melissa Flipski), 7 (Gary Cardone), 8 (Monica Eatone/Cardone), 9[](Anthony Pugliese)[,] 10 (Brandon Figueroa), 11 (Aurora Marshall), 20 (Chargebacks911)) that are

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1    found in the attached Plaintiffs Amended Notice of Subpoena to Produce
      Documents to Microsoft Corporation Dated June 21, 2024, regarding Case
2    # 8:23-cv-1450-VMC-JSS

3    A true and correct copy of Mr. Flynn's consent form is attached hereto as Exhibit 4.  Exhibit 4

4    has been partially redacted to remove personal details.

5          12.    On October 14, 2024, counsel for Microsoft again met and conferred with counsel

6    for Petitioners.  In that meeting, Microsoft explained that it was unable to produce partial records

7    pursuant to Mr. Flynn's qualified consent.  Microsoft suggested that Petitioners attempt to obtain

8    Mr. Flynn's unqualified consent and offered (to the extent possible) to produce communications

9    directly to Mr. Flynn, who could then produce the relevant communications to Petitioners,

10   possibly through a third-party vendor.  Microsoft informed Petitioners that, notwithstanding its

11   inability to produce documents under Mr. Flynn's partial consent, it would still verify that the

12   information Mr. Flynn provided in his consent form was accurate.

13         13.    On October 16, 2024, counsel for Microsoft emailed counsel for Petitioners.

14   Microsoft informed Petitioners that several of the Skype users for whom communications with

15   Mr. Flynn were requested did not even exist,[1] that it was checking to see if a partial production

16   of documents pursuant to Mr. Flynn's qualified consent was possible, and that Petitioners should

17   consider Microsoft's suggestion of engaging a third-party vendor.  To allow these processes to

18   continue, Microsoft requested a two-week extension for its Opposition.  A true and correct copy

19   of the October 16, 2024, email is attached hereto as Exhibit 5.

20         14.    Counsel for Petitioners responded to counsel for Microsoft later on October 16,

21   2024, refusing to agree to an extension yet stating that Petitioners "have made progress with

22

23

24
_____
[1] These include: m.odonnell_19, m.jacula, gcardone1, apugliese_12, a.marshall_24, and n.carroll_6.

DECLARATION OF MARK MURPHY (2:24-mc-00062-TL) - 4

1    obtaining Mr. Flynn's consent to release his messages to a third-party vendor."  A true and

2    correct copy of the October 16, 2024, email is attached hereto as Exhibit 6.

3        15.    On October 17, 2024, counsel for Microsoft emailed counsel for Petitioners, this

4    time requesting only a one-week extension to facilitate ongoing efforts to resolve the dispute.  A

5    true and correct copy of the October 17, 2024, email is attached hereto as Exhibit 7.

6        16.    Counsel for Petitioners responded to counsel for Microsoft later on October 17,

7    2024, again refusing to agree to an extension and citing "the discovery deadline in the underlying

8    action."  A true and correct copy of the October 17, 2024, email is attached hereto as Exhibit 8.

9        17.    A true and correct copy of the November 13, 2017, Declaration of Magdalena

10   Herrera in Support of *Ex Parte* Application by Super Vitaminas, S.A. For an Order Pursuant to

11   28 U.S.C. 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings in the case

12   *Super Vitaminas, S.A.*, No. 17-mc-80125, 2017 U.S. Dist. LEXIS 191845 (N.D. Cal. Nov. 20,

13   2017), is attached hereto as Exhibit 9.

14       18.    A true and correct copy of the November 13, 2017, Declaration of Juan Roberto

15   Castro in Support of *Ex Parte* Application by Super Vitaminas, S.A. For an Order Pursuant to 28

16   U.S.C. 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings in the case

17   *Super Vitaminas, S.A.*, No. 17-mc-80125, 2017 U.S. Dist. LEXIS 191845 (N.D. Cal. Nov. 20,

18   2017), is attached hereto as Exhibit 10.

19

20

21

22

23

24

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1    I declare under penalty of perjury under the laws of the United States that the foregoing is

2  true and correct.  Executed this 23rd day of October, 2024 in Washington, DC.

3

4                                        By _____

5                                              Mark F. Murphy

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

DECLARATION OF MARK MURPHY (2:24-mc-00062-TL) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# EXHIBIT 1

## Murphy, Mark

| | |
|---|---|
| **From:** | Anthony Sampson <anthony@kneuppercovey.com> |
| **Sent:** | Thursday, August 29, 2024 6:52 PM |
| **To:** | Murphy, Mark |
| **Cc:** | Eppenauer, Alex; Casterella, Andrew; kevin@kneuppercovey.com |
| **Subject:** | Re: Microsoft's Responses and Objections to Subpoena: Janet Sihler vs Global E-Trading LLC dba Chargebacks 911 |

[EXTERNAL]

Mark,

Thanks again for speaking with me. As I mentioned, Plaintiffs need Mr. Flynn's Skype data from Microsoft–and in fact why that is the most efficient source–for two reasons. First, although Plaintiff's obtained some Skype chats from Mr. Flynn, Plaintiffs cannot verify the completeness or accuracy of those conversations as produced by Mr. Flynn. Specifically, Plaintiffs reasonably believe that the produced conversations are cherry-picked. Mr. Flynn produced Skypes in two ways. For part of the production, Mr. Flynn took screenshots of his Skype account. We can see the scroll bar in the screenshots and in at least two sets of chats the scroll bar does not go all the way to the bottom in the series of photos. For the remainder of the production Mr. Flynn used the Skype Export tool. This process involves downloading ALL Skype messages in an account. Mr. Flynn was not required to produce all of his Skype messages, so he did not produce the Skype export to us in native form. Instead, he used the export tool to view his messages privately and then he copied and pasted messages from the tool into a Word document. Plaintiffs need the records stored on Microsoft's servers in order to verify the integrity of Mr. Flynn's production. As a result, further efforts to obtain more Skype data from Mr. Flynn would not be sufficient to confirm the trustworthiness of the Skype data. Put simply, Microsoft is the natural source of a verified and complete record of the conversations that Mr. Flynn has allowed Plaintiffs to access.

Second, Plaintiffs understand that Mr. Flynn may have participated in group chats with individuals or accounts included in the subpoena. Even if Mr. Flynn no longer is part of those conversations and cannot see them, they nonetheless continue to exist. Insofar as Mr. Flynn had group conversations involving persons who are included in the declaration enclosed with the subpoena, those conversations would be within the bounds of the consent that Mr. Flynn has provided. Mr. Flynn's consent extends to any conversation–whether individual or joint–with the identified individuals and accounts. To the extent these group conversations involve parties to the current litigation, Plaintiffs have requested those communications but have not been able to obtain a full and complete set of those discussions, either. Here again, Plaintiffs' need for Microsoft's data arises out of Plaintiffs' right to ensure that the Skype conversations that are produced are complete and accurate. Mr. Flynn has given his permission for Plaintiffs to access his content data from Skype, and the most efficient means of doing so is to obtain it directly from Microsoft.

Please let me know whether Microsoft will agree to produce records responsive to the subpoena. I would appreciate it if Microsoft would provide its position by September 4.

Take Care,

Anthony

On Mon, Aug 26, 2024 at 6:52 PM Anthony Sampson <anthony@kneuppercovey.com> wrote:
Thanks, Mark. That works for me. I'll look out for the teams invite.

Anthony

On Mon, Aug 26, 2024 at 12:05 PM Murphy, Mark <MarkMurphy@dwt.com> wrote:

Hi, Anthony.

Would tomorrow at 2:30 pm ET work for you?  I will send a Teams link if so.

Mark

**Mark Murphy**
**Attorney,** Davis Wright Tremaine LLP

**P** 202.973.4227  **E** markmurphy@dwt.com
**A** 1301 K Street NW, Suite 500 East, Washington D.C., 20005
**DWT.COM**

**From:** Anthony Sampson <anthony@kneuppercovey.com>
**Sent:** Monday, August 26, 2024 12:01 PM
**To:** Murphy, Mark <MarkMurphy@dwt.com>
**Cc:** Eppenauer, Alex <AlexEppenauer@dwt.com>; Casterella, Andrew <AndrewCasterella@dwt.com>; kevin@kneuppercovey.com
**Subject:** Re: Microsoft's Responses and Objections to Subpoena: Janet Sihler vs Global E-Trading LLC dba Chargebacks 911

**[EXTERNAL]**

Mark.

I'm just circling back to this. Are you free today or tomorrow afternoon?

Thanks,

Anthony


On Wed, Aug 21, 2024 at 9:00 PM Anthony Sampson <anthony@kneuppercovey.com> wrote:

Thanks, Mark. I'm generally free on Monday, if that works for you.


On Wed, Aug 21, 2024 at 8:54 PM Murphy, Mark <MarkMurphy@dwt.com> wrote:

Hi, Anthony.


Unfortunately I am out the rest of the week.  Would early next week work?


**Mark Murphy**
**Attorney,** Davis Wright Tremaine LLP

**P** 202.973.4227   **E** markmurphy@dwt.com
**A** 1301 K Street NW, Suite 500 East, Washington D.C., 20005
**DWT.COM**


**From:** Anthony Sampson <anthony@kneuppercovey.com>
**Sent:** Wednesday, August 21, 2024 9:46 PM
**To:** Eppenauer, Alex <AlexEppenauer@dwt.com>; Murphy, Mark <MarkMurphy@dwt.com>
**Cc:** Casterella, Andrew <AndrewCasterella@dwt.com>; kevin@kneuppercovey.com
**Subject:** Re: Microsoft's Responses and Objections to Subpoena: Janet Sihler vs Global E-Trading LLC dba Chargebacks 911


**[EXTERNAL]**


Mark and Alex.

3

Thanks again for chatting yesterday. I have some additional information about our subpoena that could help us make some headway. Are you all free tomorrow or Friday?

Thanks,

Anthony

On Tue, Aug 20, 2024 at 11:27 AM Eppenauer, Alex <AlexEppenauer@dwt.com> wrote:

Hi Anthony,

I'll send a Teams meeting invite shortly.

Thanks,

Alex

**Alex Eppenauer**  She/Her/Hers
**Paralegal,** Davis Wright Tremaine LLP

**P** 206.757.8803  **E** alexeppenauer@dwt.com
**A** 920 5th Avenue, Suite 3300, Seattle, WA 98104-1610
**DWT.COM**

**From:** Anthony Sampson <anthony@kneuppercovey.com>
**Sent:** Tuesday, August 20, 2024 8:51 AM
**To:** Casterella, Andrew <AndrewCasterella@dwt.com>
**Cc:** Eppenauer, Alex <AlexEppenauer@dwt.com>; kevin@kneuppercovey.com; Murphy, Mark <MarkMurphy@dwt.com>
**Subject:** Re: Microsoft's Responses and Objections to Subpoena: Janet Sihler vs Global E-Trading LLC dba Chargebacks 911

[EXTERNAL]

Thanks, Andrew. That works for me. Shall I give you all a call at that time?

On Fri, Aug 16, 2024 at 7:44 PM Casterella, Andrew <AndrewCasterella@dwt.com> wrote:

Dear Anthony,

Yes, we are free at 1 PM PT on Tuesday, August 20, if that works for you.

Thanks,

Andrew

**Andrew Casterella**
**Paralegal Clerk,** Davis Wright Tremaine LLP

**P** 206.757.8284  **E** andrewcasterella@dwt.com
**A** 920 5th Avenue, Suite 3300, Seattle, WA 98104-1610
**DWT.COM**

**From:** Anthony Sampson <anthony@kneuppercovey.com>
**Sent:** Friday, August 16, 2024 2:51 PM
**To:** Eppenauer, Alex <AlexEppenauer@dwt.com>
**Cc:** kevin@kneuppercovey.com; Casterella, Andrew <AndrewCasterella@dwt.com>; Murphy, Mark <MarkMurphy@dwt.com>
**Subject:** Re: Microsoft's Responses and Objections to Subpoena: Janet Sihler vs Global E-Trading LLC dba Chargebacks 911

**[EXTERNAL]**

Hi, Alex.

Thanks for reaching out. Of course. Are you available Tuesday afternoon?

Anthony

On Thu, Aug 15, 2024 at 5:15 PM Eppenauer, Alex <AlexEppenauer@dwt.com> wrote:

Good afternoon,

We're in receipt of your voicemail regarding this subpoena. Can we schedule a time to discuss next week?

Best,

Alex

**Alex Eppenauer**   She/Her/Hers
**Paralegal,** Davis Wright Tremaine LLP
**P** 206.757.8803   **E** alexeppenauer@dwt.com
**A** 920 5th Avenue, Suite 3300, Seattle, WA 98104-1610
**DWT.COM**

---

**From:** Eppenauer, Alex
**Sent:** Friday, July 12, 2024 4:37 PM
**To:** 'kevin@kneuppercovey.com' <kevin@kneuppercovey.com>; 'serve@addisonlegal.com' <serve@addisonlegal.com>
**Cc:** Southerland, Lisa <LisaSoutherland@dwt.com>; Casterella, Andrew <AndrewCasterella@dwt.com>; Murphy, Mark <MarkMurphy@dwt.com>; Kang, Jean <JeanKang@dwt.com>
**Subject:** Microsoft's Responses and Objections to Subpoena: Janet Sihler vs Global E-Trading LLC dba Chargebacks 911

Good afternoon,

Attached please find the responses and objections on behalf of Microsoft Corporation in response to the above-referenced matter.

Thank you,

Alex



**Alex Eppenauer**  She/Her/Hers
**Paralegal |** Davis Wright Tremaine LLP

**P** 206.757.8803  **E** alexeppenauer@dwt.com
**A** 920 5th Avenue, Suite 3300, Seattle, WA 98104-1610

**DWT.COM**   in  𝕏

--



Anthony Sampson
Associate

Licensed in New York and
Texas Only
NY Bar 5676689 TX Bar 24139251

***Office*** 657-845-3100 ***Mobile*** 281-783-6335 ***Email*** anthony@kneuppercovey.com
***Address*** 8911 North Capital of Texas Highway, Suite 4200, No. 1173, Austin,
Texas 78759

--

Anthony Sampson
Associate

Licensed in New York and
Texas Only

NY Bar 5676689 TX Bar 24139251



***Office*** 657-845-3100 ***Mobile*** 281-783-6335 ***Email*** anthony@kneuppercovey.com
***Address*** 8911 North Capital of Texas Highway, Suite 4200, No. 1173, Austin, Texas 78759

--



Anthony Sampson
Associate

Licensed in New York and Texas Only

NY Bar 5676689 TX Bar 24139251

***Office*** 657-845-3100 ***Mobile*** 281-783-6335 ***Email*** anthony@kneuppercovey.com
***Address*** 8911 North Capital of Texas Highway, Suite 4200, No. 1173, Austin, Texas 78759

--

Anthony Sampson
Associate



Licensed in New York and
Texas Only
NY Bar 5676689 TX Bar 24139251

*Office* 657-845-3100 *Mobile* 281-783-6335 *Email* anthony@kneuppercovey.com
*Address* 8911 North Capital of Texas Highway, Suite 4200, No. 1173, Austin,
Texas 78759

--



Anthony Sampson
Associate

Licensed in New York and
Texas Only
NY Bar 5676689 TX Bar 24139251

*Office* 657-845-3100 *Mobile* 281-783-6335 *Email* anthony@kneuppercovey.com
*Address* 8911 North Capital of Texas Highway, Suite 4200, No. 1173, Austin,
Texas 78759

--



Anthony Sampson
Associate

Licensed in New York and
Texas Only
NY Bar 5676689 TX Bar 24139251

*Office* 657-845-3100 *Mobile* 281-783-6335 *Email* anthony@kneuppercovey.com

***Address*** 8911 North Capital of Texas Highway, Suite 4200, No. 1173, Austin, Texas 78759

--



Anthony Sampson
Associate

Licensed in New York and Texas Only
NY Bar 5676689 TX Bar 24139251

***Office*** 657-845-3100 ***Mobile*** 281-783-6335 ***Email*** anthony@kneuppercovey.com
***Address*** 8911 North Capital of Texas Highway, Suite 4200, No. 1173, Austin, Texas 78759

# EXHIBIT 2

## Murphy, Mark

| | |
|---|---|
| **From:** | Murphy, Mark |
| **Sent:** | Wednesday, September 4, 2024 4:10 PM |
| **To:** | 'Anthony Sampson' |
| **Cc:** | Eppenauer, Alex; Casterella, Andrew; kevin@kneuppercovey.com |
| **Subject:** | RE: Microsoft's Responses and Objections to Subpoena: Janet Sihler vs Global E-Trading LLC dba Chargebacks 911 |

Thank you for the email, Anthony.

At this time, Microsoft stands on its objections, including but not limited to its burden objection.  Please let us know if anything changes in this case, such as the results of motions to compel production from Mr. Flynn.

Best,
Mark

**Mark Murphy**
**Attorney,** Davis Wright Tremaine LLP

**P** 202.973.4227  **E** markmurphy@dwt.com
**A** 1301 K Street NW, Suite 500 East, Washington D.C., 20005
**DWT.COM**

**From:** Anthony Sampson <anthony@kneuppercovey.com>
**Sent:** Thursday, August 29, 2024 6:52 PM
**To:** Murphy, Mark <MarkMurphy@dwt.com>
**Cc:** Eppenauer, Alex <AlexEppenauer@dwt.com>; Casterella, Andrew <AndrewCasterella@dwt.com>; kevin@kneuppercovey.com
**Subject:** Re: Microsoft's Responses and Objections to Subpoena: Janet Sihler vs Global E-Trading LLC dba Chargebacks 911

[EXTERNAL]

Mark,

Thanks again for speaking with me. As I mentioned, Plaintiffs need Mr. Flynn's Skype data from Microsoft–and in fact why that is the most efficient source–for two reasons. First, although Plaintiff's obtained some Skype chats from Mr. Flynn, Plaintiffs cannot verify the completeness or accuracy of those conversations as produced by Mr. Flynn. Specifically, Plaintiffs reasonably believe that the produced conversations are cherry-picked. Mr. Flynn produced Skypes in two ways. For part of the production, Mr. Flynn took screenshots of his Skype account. We can see the scroll bar in the screenshots and in at least two sets of chats the scroll bar does not go all the way to the bottom in the series of photos. For the remainder of the production Mr. Flynn used the Skype Export tool. This process involves downloading ALL Skype messages in an account. Mr. Flynn was not required to produce all of his Skype messages, so he did not produce the Skype export to us in native form. Instead, he used the export tool to view his messages privately and then he copied and pasted messages from the tool into a Word document.  Plaintiffs need the records stored on Microsoft's servers in order to verify the integrity

1

of Mr. Flynn's production. As a result, further efforts to obtain more Skype data from Mr. Flynn would not be sufficient to confirm the trustworthiness of the Skype data. Put simply, Microsoft is the natural source of a verified and complete record of the conversations that Mr. Flynn has allowed Plaintiffs to access.

Second, Plaintiffs understand that Mr. Flynn may have participated in group chats with individuals or accounts included in the subpoena. Even if Mr. Flynn no longer is part of those conversations and cannot see them, they nonetheless continue to exist. Insofar as Mr. Flynn had group conversations involving persons who are included in the declaration enclosed with the subpoena, those conversations would be within the bounds of the consent that Mr. Flynn has provided. Mr. Flynn's consent extends to any conversation–whether individual or joint–with the identified individuals and accounts. To the extent these group conversations involve parties to the current litigation, Plaintiffs have requested those communications but have not been able to obtain a full and complete set of those discussions, either.  Here again, Plaintiffs' need for Microsoft's data arises out of Plaintiffs' right to ensure that the Skype conversations that are produced are complete and accurate. Mr. Flynn has given his permission for Plaintiffs to access his content data from Skype, and the most efficient means of doing so is to obtain it directly from Microsoft.

Please let me know whether Microsoft will agree to produce records responsive to the subpoena. I would appreciate it if Microsoft would provide its position by September 4.

Take Care,

Anthony

On Mon, Aug 26, 2024 at 6:52 PM Anthony Sampson <anthony@kneuppercovey.com> wrote:

Thanks, Mark. That works for me. I'll look out for the teams invite.

Anthony

On Mon, Aug 26, 2024 at 12:05 PM Murphy, Mark <MarkMurphy@dwt.com> wrote:

Hi, Anthony.


Would tomorrow at 2:30 pm ET work for you?  I will send a Teams link if so.


Mark


**Mark Murphy**
**Attorney,** Davis Wright Tremaine LLP

**P** 202.973.4227  **E** markmurphy@dwt.com
**A** 1301 K Street NW, Suite 500 East, Washington D.C., 20005
**DWT.COM**

**From:** Anthony Sampson <anthony@kneuppercovey.com>
**Sent:** Monday, August 26, 2024 12:01 PM
**To:** Murphy, Mark <MarkMurphy@dwt.com>
**Cc:** Eppenauer, Alex <AlexEppenauer@dwt.com>; Casterella, Andrew <AndrewCasterella@dwt.com>;
kevin@kneuppercovey.com
**Subject:** Re: Microsoft's Responses and Objections to Subpoena: Janet Sihler vs Global E-Trading LLC dba Chargebacks 911

**[EXTERNAL]**

Mark.

I'm just circling back to this. Are you free today or tomorrow afternoon?

Thanks,

Anthony

On Wed, Aug 21, 2024 at 9:00 PM Anthony Sampson <anthony@kneuppercovey.com> wrote:

Thanks, Mark. I'm generally free on Monday, if that works for you.

On Wed, Aug 21, 2024 at 8:54 PM Murphy, Mark <MarkMurphy@dwt.com> wrote:

Hi, Anthony.

Unfortunately I am out the rest of the week.  Would early next week work?

**Mark Murphy**
**Attorney,** Davis Wright Tremaine LLP

**P** 202.973.4227  **E** markmurphy@dwt.com
**A** 1301 K Street NW, Suite 500 East, Washington D.C., 20005
**DWT.COM**

---

**From:** Anthony Sampson <anthony@kneuppercovey.com>
**Sent:** Wednesday, August 21, 2024 9:46 PM
**To:** Eppenauer, Alex <AlexEppenauer@dwt.com>; Murphy, Mark <MarkMurphy@dwt.com>
**Cc:** Casterella, Andrew <AndrewCasterella@dwt.com>; kevin@kneuppercovey.com
**Subject:** Re: Microsoft's Responses and Objections to Subpoena: Janet Sihler vs Global E-Trading LLC dba Chargebacks 911

[EXTERNAL]

---

Mark and Alex.

Thanks again for chatting yesterday. I have some additional information about our subpoena that could help us make some headway. Are you all free tomorrow or Friday?

Thanks,

Anthony

On Tue, Aug 20, 2024 at 11:27 AM Eppenauer, Alex <AlexEppenauer@dwt.com> wrote:

Hi Anthony,

I'll send a Teams meeting invite shortly.

Thanks,

Alex

**Alex Eppenauer**  She/Her/Hers
**Paralegal,** Davis Wright Tremaine LLP

**P** 206.757.8803  **E** alexeppenauer@dwt.com
**A** 920 5th Avenue, Suite 3300, Seattle, WA 98104-1610
**DWT.COM**

---

**From:** Anthony Sampson <anthony@kneuppercovey.com>
**Sent:** Tuesday, August 20, 2024 8:51 AM
**To:** Casterella, Andrew <AndrewCasterella@dwt.com>
**Cc:** Eppenauer, Alex <AlexEppenauer@dwt.com>; kevin@kneuppercovey.com; Murphy, Mark <MarkMurphy@dwt.com>
**Subject:** Re: Microsoft's Responses and Objections to Subpoena: Janet Sihler vs Global E-Trading LLC dba Chargebacks 911

**[EXTERNAL]**

---

Thanks, Andrew. That works for me. Shall I give you all a call at that time?

On Fri, Aug 16, 2024 at 7:44 PM Casterella, Andrew <AndrewCasterella@dwt.com> wrote:

Dear Anthony,

Yes, we are free at 1 PM PT on Tuesday, August 20, if that works for you.

Thanks,

Andrew

**Andrew Casterella**
**Paralegal Clerk,** Davis Wright Tremaine LLP

**P** 206.757.8284  **E** andrewcasterella@dwt.com
**A** 920 5th Avenue, Suite 3300, Seattle, WA 98104-1610
**DWT.COM**

**From:** Anthony Sampson <anthony@kneuppercovey.com>
**Sent:** Friday, August 16, 2024 2:51 PM
**To:** Eppenauer, Alex <AlexEppenauer@dwt.com>
**Cc:** kevin@kneuppercovey.com; Casterella, Andrew <AndrewCasterella@dwt.com>; Murphy, Mark <MarkMurphy@dwt.com>
**Subject:** Re: Microsoft's Responses and Objections to Subpoena: Janet Sihler vs Global E-Trading LLC dba Chargebacks 911

**[EXTERNAL]**

Hi, Alex.

Thanks for reaching out. Of course. Are you available Tuesday afternoon?

Anthony

On Thu, Aug 15, 2024 at 5:15 PM Eppenauer, Alex <AlexEppenauer@dwt.com> wrote:

> Good afternoon,
>
> We're in receipt of your voicemail regarding this subpoena. Can we schedule a time to discuss next week?
>
> Best,
>
> Alex
>
> **Alex Eppenauer**    She/Her/Hers
> **Paralegal,** Davis Wright Tremaine LLP
> **P** 206.757.8803  **E** alexeppenauer@dwt.com
> **A** 920 5th Avenue, Suite 3300, Seattle, WA 98104-1610
> **DWT.COM**

**From:** Eppenauer, Alex
**Sent:** Friday, July 12, 2024 4:37 PM
**To:** 'kevin@kneuppercovey.com' <kevin@kneuppercovey.com>; 'serve@addisonlegal.com' <serve@addisonlegal.com>
**Cc:** Southerland, Lisa <LisaSoutherland@dwt.com>; Casterella, Andrew <AndrewCasterella@dwt.com>; Murphy, Mark <MarkMurphy@dwt.com>; Kang, Jean <JeanKang@dwt.com>
**Subject:** Microsoft's Responses and Objections to Subpoena: Janet Sihler vs Global E-Trading LLC dba Chargebacks 911

Good afternoon,

Attached please find the responses and objections on behalf of Microsoft Corporation in response to the above-referenced matter.

Thank you,

Alex



**Alex Eppenauer**    She/Her/Hers
**Paralegal | Davis Wright Tremaine LLP**
**P** 206.757.8803  **E** alexeppenauer@dwt.com
**A** 920 5th Avenue, Suite 3300, Seattle, WA 98104-1610

**DWT.COM**    in  X

--

Anthony Sampson
Associate

7



Licensed in New York and
Texas Only
NY Bar 5676689 TX Bar 24139251

*Office* 657-845-3100 *Mobile* 281-783-6335 *Email* anthony@kneuppercovey.com
*Address* 8911 North Capital of Texas Highway, Suite 4200, No. 1173, Austin,
Texas 78759

--

Anthony Sampson
Associate



Licensed in New York and
Texas Only
NY Bar 5676689 TX Bar 24139251

*Office* 657-845-3100 *Mobile* 281-783-6335 *Email* anthony@kneuppercovey.com
*Address* 8911 North Capital of Texas Highway, Suite 4200, No. 1173, Austin,
Texas 78759

--

Anthony Sampson
Associate



Licensed in New York and
Texas Only
NY Bar 5676689 TX Bar 24139251

*Office* 657-845-3100 *Mobile* 281-783-6335 *Email* anthony@kneuppercovey.com
*Address* 8911 North Capital of Texas Highway, Suite 4200, No. 1173, Austin,
Texas 78759

--

Anthony Sampson
Associate



Licensed in New York and
Texas Only
NY Bar 5676689 TX Bar 24139251

*Office* 657-845-3100 *Mobile* 281-783-6335 *Email* anthony@kneuppercovey.com
*Address* 8911 North Capital of Texas Highway, Suite 4200, No. 1173, Austin,
Texas 78759

--

Anthony Sampson
Associate



Licensed in New York and
Texas Only
NY Bar 5676689 TX Bar 24139251

*Office* 657-845-3100 *Mobile* 281-783-6335 *Email* anthony@kneuppercovey.com
*Address* 8911 North Capital of Texas Highway, Suite 4200, No. 1173, Austin,
Texas 78759

--



Anthony Sampson
Associate

Licensed in New York and
Texas Only
NY Bar 5676689 TX Bar 24139251

*Office* 657-845-3100 *Mobile* 281-783-6335 *Email* anthony@kneuppercovey.com
*Address* 8911 North Capital of Texas Highway, Suite 4200, No. 1173, Austin,
Texas 78759

--



Anthony Sampson
Associate

Licensed in New York and
Texas Only
NY Bar 5676689 TX Bar 24139251

*Office* 657-845-3100 *Mobile* 281-783-6335 *Email* anthony@kneuppercovey.com
*Address* 8911 North Capital of Texas Highway, Suite 4200, No. 1173, Austin,
Texas 78759

# EXHIBIT 3

 **Microsoft**

**Skype**

**Authorization to Release Account Information Voluntary Consent Form and Declaration**

I, _____ (print name), I knowingly and voluntarily grant my consent authorizing Microsoft to produce, all information as checked below,

relating to my Skype Account: _____

for date range _____ to _____ (mm/dd/yyyy)

____    Registration/Billing Data
____    IP Logs
____    Skype Number Service History
____    Skype Out Records
____    Skype Number Records
____    SMS Records
____    E-mail Records
____    Contact/Buddy List
____    Chat/Media content
    (See below for definitions of the above terms)

held by Skype C/O Microsoft Corporation (hereinafter "MS").  I understand that MS will only disclose the above information upon successful authentication of my account.

I hereby expressly authorize MS to release all information (as checked above) held by MS relating to my Skype account listed above.

I hereby release MS, their directors, officers, employees, agency, successors and assigns from and for the release of information related to my Skype account pursuant to this Authorization, and do forever waive and covenant not to sue on my behalf and on behalf of all my heirs and assigns, any and all claims or causes of action, known or unknown, arising out of or relating to, in whole or in part, MS's disclosure of information related to my Skype Account pursuant to this Authorization.

I hereby indemnify and hold MS, and its, and their successors and assigns harmless from and against any and all claims, damages, liabilities, fees and expenses relating to or arising, out of, on whole or in part, MS's release of information related to my Skype account pursuant to this Authorization.

**SECURITY QUESTIONS – Please provide the following information, matching that of the account in question. Failure to provide information that matches the information on file for the account in question will vitiate the consent provided herein and Microsoft will not be able to release any of the requested account data. Microsoft's security protocols allow only two attempts to provide matching information, and Microsoft's security protocols do not allow it to advise as to the information that does not match.**

1

 **Microsoft**                                                                                                               Skype

Approximate date of creation (mm/yy): _____
Email address provided at time of creation: _____
Country selected at time of registration: _____
First and Last Name on the Account: _____
Approximate date of last Login: _____
Provide up to three contacts from your Skype Contacts List:
_____
If purchases were made on the account, please provide the following for a recent order:
- ▪ Date of order: _____
- ▪ Total cost: _____
- ▪ Billing Address: _____
- ▪ Credit Card (if applicable – provide last 4 digits): _____
- ▪ PayPal or Skrill Account (if applicable – provide the associated email address):
  _____

**DECLARATION**

I, _____, declare under penalty of perjury under the laws of the
State of _____ that I am the Primary Account Holder and that all of the
above information is true and correct.

Primary Account Holder's Signature: _____
                     Printed Name: _____
                            Date: _____

2

**Microsoft**                                                                     Skype

DEFINITION OF TERMS

**Skype Account -** A valid Skype Username contains between 6 and 32 characters and cannot contain any spaces. It must start with a letter and can contain only letters, numbers and the following punctuation marks: full stop (.), comma (,), dash (-) underscore (_), and colon (:). In order to determine the Username, you can click on the display name within a Skype chat window, select "View Profile" and the Skype Username will appear.

**Registration Details** – User information captured at time of account registration

**Billing Data** – User provided billing address, payment method, and purchase history

**IP Logs -** IP addresses captured at the time of the user login to the Skype service

**Skype Number Service History -** List of Skype Number(s) subscribed to by a user

**Skype Out Records -** Historical call detail records for calls placed to the public switched telephone network (PSTN)

**Skype Number Records -** Historical call detail records for calls received from the public switched telephone network (PSTN)

**SMS Records -** SMS historical detail records

**E-mail Records -** Historical record of e-mail change activity

**Contact/Buddy List** – List of user contacts

**Chat/Media Content** – Individual and group chat messages and any sent media.

3

# EXHIBIT 4

 

**Authorization to Release Account Information Voluntary Consent Form and Declaration**

I, ___David Flynn_____ (print name), I knowingly and
voluntarily grant my consent authorizing Microsoft to produce, all information as checked
below,

relating to my Skype Account: ___xcellent.choice_____

for date range __01/01/2019__ to __12/31/2023__ (mm/dd/yyyy)

| | | |
|---|---|---|
| ___ | Registration/Billing Data | **\* Consent is only given for the following :** |
| ___ | IP Logs | **REQUESTS (1 (Nicholas Carroll), 2 (Johnny Deluca), 3** |
| ___ | Skype Number Service History | **(Benjamin Scrancher) , 4 (Meghan O'Donnell) ,5 (m.jacula),** |
| ___ | Skype Out Records | **6(Melissa Flipski), 7 (Gary Cardone), 8 (Monica Eatone/** |
| ___ | Skype Number Records | **Cardone), 9,(Anthony Pugliese) 10 (Brandon Figueroa), 11** |
| ___ | SMS Records | **(Aurora Marshall), 20 (Chargebacks911)) that are found in** |
| ___ | E-mail Records | **the attached Plaintiffs Amended Notice of Subpoena to** |
| ___ | Contact/Buddy List | **Produce Documents to Microsoft Corporation Dated June** |
| _X_ | Chat/Media content **\*** | **21, 2024, regarding Case # 8:23-cv-1450-VMC-JSS** |

(See below for definitions of the above terms)

held by Skype C/O Microsoft Corporation (hereinafter "MS"). I understand that MS will only
disclose the above information upon successful authentication of my account.

I hereby expressly authorize MS to release all information (as checked above) held by MS
relating to my Skype account listed above.

I hereby release MS, their directors, officers, employees, agency, successors and assigns from
and for the release of information related to my Skype account pursuant to this Authorization,
and do forever waive and covenant not to sue on my behalf and on behalf of all my heirs and
assigns, any and all claims or causes of action, known or unknown, arising out of or relating to,
in whole or in part, MS's disclosure of information related to my Skype Account pursuant to this
Authorization.

I hereby indemnify and hold MS, and its, and their successors and assigns harmless from and
against any and all claims, damages, liabilities, fees and expenses relating to or arising, out of, on
whole or in part, MS's release of information related to my Skype account pursuant to this
Authorization.

**SECURITY QUESTIONS – Please provide the following information, matching that of the account
in question. Failure to provide information that matches the information on file for the account in
question will vitiate the consent provided herein and Microsoft will not be able to release any of the
requested account data. Microsoft's security protocols allow only two attempts to provide matching
information, and Microsoft's security protocols do not allow it to advise as to the information that
does not match.**

 **Microsoft**                                                   Skype

Approximate date of creation (mm/yy): _____ February 2015 _____

Email address provided at time of creation: ██████████████ , or ███████████

Country selected at time of registration: USA _____

First and Last Name on the Account:  David Flynn _____

Approximate date of last Login: __ 10/08/2024 _____

Provide up to three contacts from your Skype Contacts List:

████████ ( ███████ ) ███████████ )m ███████ ( ███████ )

If purchases were made on the account, please provide the following for a recent order:

- ▪ Date of order: _____
- ▪ Total cost: _____
- ▪ Billing Address: _____
- ▪ Credit Card (if applicable – provide last 4 digits): _____
- ▪ PayPal or Skrill Account (if applicable – provide the associated email address):

  _____

## DECLARATION

I, _____ David Flynn _____ , declare under penalty of perjury under the laws of the

State of ____ NEVADA _____ that I am the Primary Account Holder and that all of the

above information is true and correct.

Primary Account Holder's Signature: _____

Printed Name: __ DAVID FLYNN _____

Date: ____ 10/11/2024 _____

2

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| JANET SIHLER, Individually and On Behalf of All Others Similarly Situated; CHARLENE BAVENCOFF, Individually and On Behalf of All Others Similarly Situated,<br><br>                                        Plaintiffs,<br><br>v.<br><br>GLOBAL E-TRADING, LLC DBA CHARGEBACKS911, GARY CARDONE, MONICA EATON,<br><br>                                        Defendants. | Case No.:  8:23-cv-1450-VMC-JSS<br><br>**PLAINTIFFS' AMENDED NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS TO: MICROSOFT CORPORATION (WA) PURSUANT TO F.R.C.P. 45(a)(4) (WITH COPY OF SUBPOENA DUCES TECUM)** |

## <u>PLAINTIFFS' AMENDED NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS TO: MICROSOFT CORPORATION</u>

**PLEASE TAKE NOTICE** that Plaintiffs Janet Sihler and Charlene Bavencoff, by and through the undersigned counsel, hereby give notice to all parties that a non-party subpoena is issued to Microsoft Corporation, as set forth in the subpoena, on or before **July 25, 2024**, at Addison Legal Services, LLC, 2405 Evergreen Park Drive SW, Suite B-2, Olympia, WA 98502. A true and correct copy of the subpoena is attached hereto as Exhibit A.

DATED:      June 21, 2024

**KNEUPPER & COVEY, PC**

/s/Anthony Sampson
Anthony C. Sampson, Esq.*

*Attorneys for Plaintiffs Janet Sihler and Charlene Bavencoff and the putative Class*

*Admitted Pro Hac Vice*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

| | |
|---|---|
| JANET SIHLER, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 8:23-cv-01450-VMC-UAM |
| GLOBAL E-TRADING, LLC DBA CHARGEBACKS911, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Microsoft Corporation c/o Corporation Service Company
        300 Deschutes Way SW, Suite STE 208 MC-CSC1, Tumwater, WA 98501

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Addison Legal Services, LLC - (360) 529-3933 2405 Evergreen Park Drive SW, Suite B-2, Olympia, WA 98502 serve@addisonlegal.com | Date and Time: July 25, 2024, at 10:00 AM PDT |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: June 21, 2024

| *CLERK OF COURT* | OR | Kevin Kneupper - *[signature]* |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **<u>DEFINITIONS</u>**

For the purposes of these requests, the following definitions shall apply:

1.     **"Chargebacks911"** means Global E-Trading, LLC DBA Chargebacks911, and includes any and all of its officers, including without limitation Monica Eaton, directors, former officers and directors, including without limitation Gary Cardone, partners, associates, employees, staff members, agents, representatives, attorneys, subsidiaries (foreign or domestic), parents, affiliates, divisions, successors, predecessors, and any other related entities, and specifically includes all assets or companies that have been acquired by them or with respect to which they have succeeded to rights or obligations.

2.     **"Brightree Holdings"** means Brightree Holdings Corp. It also includes any and all of its officers, directors, partners, associates, employees, staff members, agents, representatives, attorneys, subsidiaries (foreign and domestic), parents, affiliates, divisions, successors, predecessors, and any other related entities, and specifically include all assets or companies that have been acquired by them or with respect to which they have succeeded to rights or obligations.

3.     **"Beyond Global"** means Beyond Global Inc. It also includes any and all of its officers, directors, partners, associates, employees, staff members, agents, representatives, attorneys, subsidiaries (foreign and domestic), parents, affiliates, divisions, successors, predecessors, and any other related entities, and specifically include all assets or companies that have been acquired by them or with respect to which they have succeeded to rights or obligations.

4.     **"BMOR Global, LLC"** means BMOR Global, LLC. It also includes any and all of its officers, directors, partners, associates, employees, staff members, agents, representatives, attorneys, subsidiaries (foreign and domestic), parents, affiliates, divisions, successors, predecessors, and any other related entities, and

specifically include all assets or companies that have been acquired by them or with respect to which they have succeeded to rights or obligations.

5.    **"Blue Hat Marketing"** means Blue Hat Marketing or any other name or trade name under which Blue Hat Marketing (*see* https://bluehatmarketing.com/en-ca/) operates and includes any and all of their officers, directors, partners, associates, employees, staff members, agents, representatives, attorneys, affiliates, successors, predecessors, and any other related entities or individuals, and specifically includes all assets or companies that have been acquired by them or with respect to which they have succeeded to rights or obligations.

6.    **"MSwipe Americas"** means MSwipe Americas or any other name or trade name under which MSwipe Americas (*see* https://mswipe.ca/) operates and includes any and all of their officers, directors, partners, associates, employees, staff members, agents, representatives, attorneys, affiliates, successors, predecessors, and any other related entities or individuals, and specifically includes all assets or companies that have been acquired by them or with respect to which they have succeeded to rights or obligations.

7.    **"Communication"** means any contact or act by which information or knowledge is transmitted and includes without limitation: (i) written contact, whether by letter, memoranda, e-mail, telegram, telex, text message, internet or chat message, or other document; (ii) oral contact, whether by face-to-face meetings, telephone conversations, Skype, Zoom, or otherwise; and (iii) nonverbal acts intended to communicate or convey any meaning, understanding or other message.

8.    **"Documents"** is used in the broadest sense and in accordance with the Federal Rules of Civil Procedure. "Document" refers to, and includes, but is not limited to: all originals (and all non-identical copies, including drafts, which shall be construed as separate documents within the meaning of this term), regardless of

origin or location, and however created, produced, stored or maintained, of any and all handwritten, typewritten, printed, or recorded graphic matter, any writing, correspondence, records, notes, drawings, graphs, charts, photographs, phonorecords, tape recordings, lists, logs, spreadsheets, financial information or analyses, books, papers, files, memoranda, reports, schedules, transcriptions, telegrams, telexes, wire messages, telephone messages, voicemail messages, calendars, diaries, budgets, invoices, audio and video recordings, electronic mail (otherwise known as "e-mail"), electronic data compilations, electronically stored information, computer disks ( or hard copies of the data contained on such disks), including all forms of computer storage and retrieval, and other electronic media, microfilm, microfiche and storage devices, and every other data compilations from which information can be obtained (translated, if necessary, by You through detection devices into reasonably usable form) within the actual or constructive possession, custody, or control of You or Your attorneys.

9.    **"Relate to" or "relating to"** means in any way directly or indirectly, in whole or in part, discussing, referring to, regarding, constituting, concerning, about, pertaining to, reflecting, considering, underlying, modifying, amending, confirming, mentioning, endorsing, evidencing, summarizing, memorializing, describing, analyzing, evaluating, representing, supporting, qualifying, terminating, revoking, canceling or negating.

10.    **"You" and "Your"** means Microsoft Corporation, or any other name or trade name under which Microsoft Corporation operates and includes any and all of their officers, directors, partners, associates, employees, staff members, agents, representatives, attorneys, subsidiaries (foreign or domestic), parents, affiliates, divisions, successors, predecessors, and any other related entities, and specifically includes all assets or companies that have been acquired by them or with respect to which they have succeeded to rights or obligations.

3

## RULES OF CONSTRUCTION

1.      Each of the functional words "all," "each," "any," and "every" shall be deemed to include each of the other functional words.

2.      The connectives "and," "or," and "and/or" shall each be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.      The use of the singular form of any word includes the plural and vice versa.

4.      The definition of each term defined above shall be used regardless of whether the term is capitalized.

## INSTRUCTIONS

1.      These requests require You to produce all responsive documents or things that are in Your actual or constructive possession, custody, or control.

2.      These requests are continuing in nature. If, after answering the requests, You obtain or become aware of any further information or documents responsive to the requests, either directly or indirectly, a supplemental answer or production is required. You are under a duty seasonably to amend a prior response upon learning that the response is incomplete or incorrect.

3.      If You contend that any requested information is subject to any privilege (such as attorney-client) or protection (such as attorney work-product) and You intend to assert such privilege or protection, You are required to set forth a sufficient factual basis to establish that such privilege or protection is applicable to the requested information (e.g., by preparing a list of withheld information in a "privilege log"). With respect to any requested information that is being withheld, the following information shall be provided: (i) the type of document; (ii) the title or general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document for a subpoena duces

4

tecum, including, where appropriate, the author of the document, the addressee of the document, and where not apparent, the relationship of the author and addressee to each other, and the name(s) and address(es) of each person who viewed, was in any way made known the contents of, or has had possession, custody or control of the document or of any copies of the document.

4.      If, for reasons other than privilege, You refuse to produce documents or withhold documents sought in any request, You are required to state the grounds upon which the refusal is based with sufficient specificity to permit Plaintiff and the Court to determine the propriety of such refusal.

5.      For any document responsive to a request that exists in electronic form, You shall produce such document in electronic form, including but not limited to, originals and all copies and versions of electronic mail ("e-mail"); activity listings of e-mail receipts and/or transmittals; voice-mail; text messages; audio or video recordings of any kind; computer programs (whether private, commercial, or a work-in-progress); programming notes or instructions; output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs, and outlines; operating systems; source code of all types; image files including but not limited to JPG or JPEG, TIFF, PICT, and BMP; PDF files, batch files in any format, including ASCII, XML or CSV format; and all miscellaneous electronic files and/or file fragments, regardless of the media on which they are stored and regardless of whether the data resides in an active file, deleted file, or file fragments. Electronic data includes any and all information stored in or on a cloud internet server such as Amazon S3, Dropbox, or Google Drive, network attached storage (NAS) devices, storage area network devices (SAN), hard disks, solid state drives, floppy disks, CD and DVD disks, external hard drives or their equivalent, external solid state drives, portable storage devices including USB, solid state cards, or Fire Wire drives; magnetic tapes of all kinds, and computer chips

(including, but not limited to, EPROM, PROM and ROM). Electronic data also includes the file, folder tabs, containers or labels appended to any storage device containing electronic data. For any document that is password encrypted, you shall provide means of access to that document or an unencrypted copy of its contents.

## <u>REQUESTS</u>

Please produce the following documents:

1.      Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—*i.e.*, David Flynn—and the Skype user Nicholas Carroll or the Skype account "n.carroll_6" from January 1, 2019 through December 31, 2023.

2.      Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—*i.e.*, David Flynn—and the Skype user Johnny DeLuca from January 1, 2019 through December 31, 2023.

3.      Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—*i.e.*, David Flynn—and the Skype user Benjamin Scrancher a/k/a Ben Scrancher or the Skype account "b.scrancher" from January 1, 2019 through December 31, 2023.

4.      Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—*i.e.*, David Flynn—and the Skype user Meghan O'Donnell or the Skype account "m.odonnell_19" from January 1, 2019 through December 31, 2023.

5.      Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—*i.e.*, David Flynn—and the Skype account "m.jacula" from January 1, 2019 through December 31, 2023.

6.      Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—*i.e.*, David Flynn—and the Skype user Melissa Flipski or the Skype account "melflipski" from January 1, 2019 through December 31, 2023.

7.      Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—*i.e.*, David Flynn—and the Skype user Gary Cardone or the Skype account "gcardone1" from January 1, 2019 through December 31, 2023.

8.      Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—*i.e.*, David Flynn—and the Skype account(s) for subscriber Monica Eaton a/k/a Monica Cardone from January 1, 2019 through December 31, 2023.

9.      Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—*i.e.*, David Flynn—and the Skype user Anthony Pugliese or the Skype account "apugliese_12" from January 1, 2019 through December 31, 2023.

10.     Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—*i.e.*, David Flynn—and the Skype user Brandon Figueroa or the Skype account "brandontfigueroa" from January 1, 2019 through December 31, 2023.

11.     Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—*i.e.*, David Flynn—and the Skype user Aurora Marshall or the Skype account "a.marshall_24" from January 1, 2019 through December 31, 2023.

12.    Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—*i.e.*, David Flynn—and the Skype account "instantlyfamous" from January 1, 2019 through December 31, 2023.

13.    Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—*i.e.*, David Flynn—and the Skype account "threecommaclub" from January 1, 2019 through December 31, 2023.

14.    Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—*i.e.*, David Flynn—and the Skype account "thebigguy1978_1" from January 1, 2019 through December 31, 2023.

15.    Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—*i.e.*, David Flynn—relating to MSwipe Americas from January 1, 2019 through December 31, 2023.

16.    Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—*i.e.*, David Flynn—relating to Brightree Holdings from January 1, 2019 through December 31, 2023.

17.    Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—*i.e.*, David Flynn—relating to Beyond Global, Inc. from January 1, 2019 through December 31, 2023.

18.    Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—*i.e.*, David Flynn—relating to BMOR Global, LLC from January 1, 2019 through December 31, 2023.

19.    Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—*i.e.*, David Flynn—relating to Blue Hat Marketing from January 1, 2019 through December 31, 2023.

20.    Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—*i.e.*, David Flynn—relating to Chargebacks911 from January 1, 2019 through December 31, 2023.

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**PROOF OF SERVICE**

*Sihler, et al. v. Global E-Trading LLC DBA Chargebacks911., et al.*

USDC – Middle District of FL – Case No. 8:23-cv-1450-VMC-UAM

**STATE OF CALIFORNIA, COUNTY OF VENTURA**

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 17011 Beach Blvd., Ste. 900, Huntington Beach, CA 92647.

On June 21, 2024, I served the forgoing documents described as: **PLAINTIFFS' AMENDED NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS TO: MICROSOFT CORPORATION (WA) PURSUANT TO F.R.C.P. 45(a)(4) (WITH COPY OF SUBPOENA DUCES TECUM)** on the following person(s) in the manner indicated:

Josh A. Rubin, Esq.
Neal Ross, Esq.
**Akin Gump Strauss Hauer & Feld LLP**
1999 Avenue of the Stars, Suite 600
Los Angeles, CA 90067-6022
rubinj@akingump.com
nmarder@akingump.com

William J. Schifino , Jr.
Gregory Lathrop Pierson, Esq.
Justin Patrick Bennett, Esq.
**Gunster, Yoakley & Stewart, P.A**
401 E Jackson Street Suite 1500
Tampa, FL 33602
813-228-9080
Wschifino@gunster.com
Gpierson@gunster.com
Jbennett@gunster.com

Corey W. Roush, Esq.
**Akin Gump Strauss Hauer & Feld LLP**
2001 K Street N.W.
Washington, DC 20006-1037
croush@akingrump.com

**[X] (BY EMAIL):** A true and correct portable document format ("pdf") copy of the document described above was electronically served via email on the above recipients, at their respective email addresses. My electronic service address is suzy@kneuppercovey.com.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on June 21, 2024, at Ventura County, California.

*Suzy Garcia*
_____
Suzy Garcia

# EXHIBIT 5

**Murphy, Mark**

| | |
|---|---|
| **From:** | Wasserstein, Charlotte |
| **Sent:** | Wednesday, October 16, 2024 7:36 PM |
| **To:** | anthony@kneuppercovey.com; elyssa@kneuppercovey.com; caitlin@kneuppercovey.com |
| **Cc:** | Murphy, Mark; Howard, Jim; Heliszkowski, Beatriz; Eppenauer, Alex |
| **Subject:** | Sihler - Microsoft's Request for Extension of Time to Oppose MTC |

| | |
|---|---|
| **Importance:** | High |

Hi Anthony,

Thanks for the productive call on Monday. As discussed, we write to formally request a 2-week extension on the filing of Microsoft's opposition to your motion to compel, i.e., to **November 7th**, and accordingly moving the noting date to November 13th, for the following reasons. **We would greatly appreciate a response as soon as possible, given our upcoming deadline.**

*First*, as you are aware, Microsoft is still confirming whether it is possible to produce Skype data for isolated conversations within an account (as opposed to all of the account's messages at once). If feasible, a selective production comprising only the requested conversations would resolve the dispute. We are making progress with Microsoft in discussing ways this may be possible, and as such, providing extra time would be most efficient for the parties.

*Second*, on our call, we proposed a new idea, namely that Microsoft produce the entire account file *to Mr. Flynn*, and you would employ a third-party vendor to isolate the requested data and ensure nothing was deleted by Mr. Flynn. We would like to give you time to investigate this option; if feasible, it may resolve the dispute.

*Third*, you are in the process of attempting to secure consent from Mr. Flynn for the disclosure to you of all of his Skype account messages. If he provides it, again, the dispute may be resolved.

*Fourth*, we have discovered that several of the Skype accounts referenced in the subpoena do not exist. These include: m.odonnell_19, m.jacula, gcardone1, apugliese_12, a.marshall_24, and n.carroll_6. We have also discovered that we will not be able to recover records of group chats after Mr. Flynn left the group. These limitations obviously change the scope of potentially available documents, and may lessen the relevance of the production. Some extra time would provide you the opportunity to investigate these issues.

We think a two-week extension would be sufficient time for the above issues to shake out. It seems there would be no issues in terms of your discovery cut off in the underlying action, as the scheduling order, ECF No. 28, requires merely that motions to compel are *filed* before the discovery cutoff, which occurred here.

Please let us know if you are amenable to extending our deadline to oppose to November 7th, and moving the noting date, at your earliest convenience. To this end we have attached a proposed Notice of Motion Renoted. If you would like to set a call to discuss, we are available anytime tomorrow.

Best,



**Charlotte Wasserstein**
**Attorney |** Davis Wright Tremaine LLP

**P** 310.425.1025  **E** charlottewasserstein@dwt.com
**A** 5870 West Jefferson Blvd, Suite H, Los Angeles, CA 90016

**DWT.COM**

# EXHIBIT 6

## Murphy, Mark

| | |
|---|---|
| **From:** | Anthony Sampson <anthony@kneuppercovey.com> |
| **Sent:** | Wednesday, October 16, 2024 9:06 PM |
| **To:** | Wasserstein, Charlotte |
| **Cc:** | elyssa@kneuppercovey.com; caitlin@kneuppercovey.com; Murphy, Mark; Howard, Jim; Heliszkowski, Beatriz; Eppenauer, Alex; Kevin Kneupper; Cyclone Covey; Lorraine Weekes |
| **Subject:** | Re: Sihler - Microsoft's Request for Extension of Time to Oppose MTC |

[EXTERNAL]

Hi, Charlotte.

Thank you for your email. We cannot agree to an extension right now. But I believe that we are nearing a solution. By way of an update, we have made progress with obtaining Mr. Flynn's consent to release his messages to a third-party vendor. Although we are working out the logistics of this proposal and a final agreement on his part, I hope that we will have his agreement by the end of this week. If Mr. Flynn agrees, and Microsoft can put in process the production, then we would not have any dispute.

Aside from the issue of the scope of Mr. Flynn's consent--*i.e.*, assuming that he gives his consent to release his complete Skype messages--is Microsoft agreeable to producing documents?

I do appreciate you all working with us on this issue. I will bear in mind the motion deadline in working to arrive at a resolution as soon as possible. (Incidentally, I did not see any attachment to your message.)

Take care,

Anthony

On Wed, Oct 16, 2024 at 6:35 PM Wasserstein, Charlotte <CharlotteWasserstein@dwt.com> wrote:

**Kneupper & Covey**
**Warning:** The sender CharlotteWasserstein@dwt.com sending email from domain dwt.com is not yet trusted by your organization.
There is a URL in the email asking for login credentials. It could be a phishing attempt.
Report Phishing Remove Banner - It's Safe

powered by Graphus®

Hi Anthony,

Thanks for the productive call on Monday. As discussed, we write to formally request a 2-week extension on the filing of Microsoft's opposition to your motion to compel, i.e., to **November 7th**, and accordingly moving the noting date to November 13th, for the following reasons. **We would greatly appreciate a response as soon as possible, given our upcoming deadline.**

*First*, as you are aware, Microsoft is still confirming whether it is possible to produce Skype data for isolated conversations within an account (as opposed to all of the account's messages at once). If feasible, a selective production comprising only the requested conversations would resolve the dispute. We are making progress with Microsoft in discussing ways this may be possible, and as such, providing extra time would be most efficient for the parties.

*Second*, on our call, we proposed a new idea, namely that Microsoft produce the entire account file *to Mr. Flynn*, and you would employ a third-party vendor to isolate the requested data and ensure nothing was deleted by Mr. Flynn. We would like to give you time to investigate this option; if feasible, it may resolve the dispute.

*Third*, you are in the process of attempting to secure consent from Mr. Flynn for the disclosure to you of all of his Skype account messages. If he provides it, again, the dispute may be resolved.

*Fourth*, we have discovered that several of the Skype accounts referenced in the subpoena do not exist. These include: m.odonnell_19, m.jacula, gcardone1, apugliese_12, a.marshall_24, and n.carroll_6. We have also discovered that we will not be able to recover records of group chats after Mr. Flynn left the group. These limitations obviously change the scope of potentially available documents, and may lessen the relevance of the production. Some extra time would provide you the opportunity to investigate these issues.

We think a two-week extension would be sufficient time for the above issues to shake out. It seems there would be no issues in terms of your discovery cut off in the underlying action, as the scheduling order, ECF No. 28, requires merely that motions to compel are *filed* before the discovery cutoff, which occurred here.

Please let us know if you are amenable to extending our deadline to oppose to November 7th, and moving the noting date, at your earliest convenience. To this end we have attached a proposed Notice of Motion Renoted. If you would like to set a call to discuss, we are available anytime tomorrow.

Best,



**Charlotte Wasserstein**
**Attorney** | Davis Wright Tremaine LLP

**P** 310.425.1025  **E** charlottewasserstein@dwt.com
**A** 5870 West Jefferson Blvd, Suite H, Los Angeles, CA 90016

**DWT.COM**

--



Anthony Sampson
Associate

Licensed in New York and
Texas Only
NY Bar 5676689 TX Bar 24139251

*Office* 657-845-3100 *Mobile* 281-783-6335 *Email* anthony@kneuppercovey.com
*Address* 8911 North Capital of Texas Highway, Suite 4200, No. 1173, Austin,
Texas 78759

# EXHIBIT 7

**Murphy, Mark**

| | |
|---|---|
| **From:** | Wasserstein, Charlotte |
| **Sent:** | Thursday, October 17, 2024 12:38 PM |
| **To:** | Anthony Sampson |
| **Cc:** | elyssa@kneuppercovey.com; caitlin@kneuppercovey.com; Murphy, Mark; Howard, Jim; Heliszkowski, Beatriz; Eppenauer, Alex; Kevin Kneupper; Cyclone Covey; Lorraine Weekes |
| **Subject:** | RE: Sihler - Microsoft's Request for Extension of Time to Oppose MTC |
| **Attachments:** | Notice of Motion Renoted - Sihler v. Microsoft (draft).docx |
| | |
| **Importance:** | High |

Hi Anthony,

My apologies for omitting the Notice of Motion Renoted in my last email. I would like to reiterate our request for a brief extension of time for Microsoft to file our opposition to your motion to compel; we could reduce it to **one week**, i.e., to **October 31st**. As such I revised the Notice of Motion Renoted for just one week later instead of two and (actually, this time) attach it here for your renewed consideration.

It is clear that both sides are diligently working towards a resolution, and even in one week the landscape is likely to change. As such, if a short extension is denied, we would argue that your motion is premature, and we think it likely the judge will defer a ruling and provide more time for the parties to work it out. This process would comprise unnecessary motion practice on both sides.

A mere one-week extension would be especially courteous here, as an expression of goodwill for the (seemingly helpful) idea we proposed that you employ a third-party vendor to work with Mr. Flynn. Our suggestion of this procedure shows our good faith in considering all ways in which we might resolve the dispute.

I would also emphasize that your efforts to obtain Mr. Flynn's signature of the consent form to release his complete Skype messages is of critical importance, and would eliminate one of the major hurdles to production. That your efforts in this regard are ongoing – and you seem to have some hope may be fruitful – is one of the many reasons a 1-week extension is warranted.

Please let me know at your earliest convenience.

Best,



**Charlotte Wasserstein**
**Attorney** | Davis Wright Tremaine LLP
**P** 310.425.1025  **E** charlottewasserstein@dwt.com
**A** 5870 West Jefferson Blvd, Suite H, Los Angeles, CA 90016

**DWT.COM**

---

**From:** Anthony Sampson <anthony@kneuppercovey.com>
**Sent:** Wednesday, October 16, 2024 6:06 PM

**To:** Wasserstein, Charlotte <CharlotteWasserstein@dwt.com>
**Cc:** elyssa@kneuppercovey.com; caitlin@kneuppercovey.com; Murphy, Mark <MarkMurphy@dwt.com>; Howard, Jim <JimHoward@dwt.com>; Heliszkowski, Beatriz <BeatrizHeliszkowski@dwt.com>; Eppenauer, Alex <AlexEppenauer@dwt.com>; Kevin Kneupper <kevin@kneuppercovey.com>; Cyclone Covey <cyclone@kneuppercovey.com>; Lorraine Weekes <lorraine@kneuppercovey.com>
**Subject:** Re: Sihler - Microsoft's Request for Extension of Time to Oppose MTC

[EXTERNAL]

Hi, Charlotte.

Thank you for your email. We cannot agree to an extension right now. But I believe that we are nearing a solution. By way of an update, we have made progress with obtaining Mr. Flynn's consent to release his messages to a third-party vendor. Although we are working out the logistics of this proposal and a final agreement on his part, I hope that we will have his agreement by the end of this week. If Mr. Flynn agrees, and Microsoft can put in process the production, then we would not have any dispute.

Aside from the issue of the scope of Mr. Flynn's consent--*i.e.*, assuming that he gives his consent to release his complete Skype messages--is Microsoft agreeable to producing documents?

I do appreciate you all working with us on this issue. I will bear in mind the motion deadline in working to arrive at a resolution as soon as possible. (Incidentally, I did not see any attachment to your message.)

Take care,

Anthony

On Wed, Oct 16, 2024 at 6:35 PM Wasserstein, Charlotte <CharlotteWasserstein@dwt.com> wrote:

**Kneupper & Covey**
**Warning:** The sender CharlotteWasserstein@dwt.com sending email from domain dwt.com is not yet trusted by your organization.
There is a URL in the email asking for login credentials. It could be a phishing attempt.
Report Phishing Remove Banner - It's Safe
powered by Graphus®

Hi Anthony,

Thanks for the productive call on Monday. As discussed, we write to formally request a 2-week extension on the filing of Microsoft's opposition to your motion to compel, i.e., to **November 7th**, and accordingly moving the noting date to November 13th, for the following reasons. **We would greatly appreciate a response as soon as possible, given our upcoming deadline.**

*First*, as you are aware, Microsoft is still confirming whether it is possible to produce Skype data for isolated conversations within an account (as opposed to all of the account's messages at once). If feasible, a selective production comprising only the requested conversations would resolve the dispute.

We are making progress with Microsoft in discussing ways this may be possible, and as such, providing extra time would be most efficient for the parties.

*Second*, on our call, we proposed a new idea, namely that Microsoft produce the entire account file *to Mr. Flynn*, and you would employ a third-party vendor to isolate the requested data and ensure nothing was deleted by Mr. Flynn. We would like to give you time to investigate this option; if feasible, it may resolve the dispute.

*Third*, you are in the process of attempting to secure consent from Mr. Flynn for the disclosure to you of all of his Skype account messages. If he provides it, again, the dispute may be resolved.

*Fourth*, we have discovered that several of the Skype accounts referenced in the subpoena do not exist. These include: m.odonnell_19, m.jacula, gcardone1, apugliese_12, a.marshall_24, and n.carroll_6. We have also discovered that we will not be able to recover records of group chats after Mr. Flynn left the group. These limitations obviously change the scope of potentially available documents, and may lessen the relevance of the production. Some extra time would provide you the opportunity to investigate these issues.

We think a two-week extension would be sufficient time for the above issues to shake out. It seems there would be no issues in terms of your discovery cut off in the underlying action, as the scheduling order, ECF No. 28, requires merely that motions to compel are *filed* before the discovery cutoff, which occurred here.

Please let us know if you are amenable to extending our deadline to oppose to November 7th, and moving the noting date, at your earliest convenience. To this end we have attached a proposed Notice of Motion Renoted. If you would like to set a call to discuss, we are available anytime tomorrow.

Best,



**Charlotte Wasserstein**
**Attorney** | Davis Wright Tremaine LLP

**P** 310.425.1025  **E** charlottewasserstein@dwt.com
**A** 5870 West Jefferson Blvd, Suite H, Los Angeles, CA 90016

**DWT.COM**

--



Anthony Sampson
Associate

Licensed in New York and
Texas Only
NY Bar 5676689 TX Bar 24139251

**Office** 657-845-3100 **Mobile** 281-783-6335 **Email** anthony@kneuppercovey.com
**Address** 8911 North Capital of Texas Highway, Suite 4200, No. 1173, Austin,
Texas 78759

# EXHIBIT 8

**Murphy, Mark**

---

| | |
|---|---|
| **From:** | Anthony Sampson <anthony@kneuppercovey.com> |
| **Sent:** | Thursday, October 17, 2024 4:24 PM |
| **To:** | Wasserstein, Charlotte |
| **Cc:** | elyssa@kneuppercovey.com; caitlin@kneuppercovey.com; Murphy, Mark; Howard, Jim; Heliszkowski, Beatriz; Eppenauer, Alex; Kevin Kneupper; Cyclone Covey; Lorraine Weekes |
| **Subject:** | Re: Sihler - Microsoft's Request for Extension of Time to Oppose MTC |

[EXTERNAL]

Charlotte,

Thank you for your email. I appreciate Microsoft's position and the considerations you raise in your emails. As things stand, however, we cannot consent to an extension beyond the discovery deadline in the underlying action. That being said, we will continue to endeavor to get Mr. Flynn's consent as quickly as possible in the hopes that doing so will obviate the need for motion practice.

Take care,

Anthony

On Thu, Oct 17, 2024 at 11:38 AM Wasserstein, Charlotte <CharlotteWasserstein@dwt.com> wrote:

> Hi Anthony,
>
> My apologies for omitting the Notice of Motion Renoted in my last email.  I would like to reiterate our request for a brief extension of time for Microsoft to file our opposition to your motion to compel; we could reduce it to **one week**, i.e., to **October 31st**.  As such I revised the Notice of Motion Renoted for just one week later instead of two and (actually, this time) attach it here for your renewed consideration.
>
> It is clear that both sides are diligently working towards a resolution, and even in one week the landscape is likely to change. As such, if a short extension is denied, we would argue that your motion is premature, and we think it likely the judge will defer a ruling and provide more time for the parties to work it out. This process would comprise unnecessary motion practice on both sides.
>
> A mere one-week extension would be especially courteous here, as an expression of goodwill for the (seemingly helpful) idea we proposed that you employ a third-party vendor to work with Mr. Flynn. Our suggestion of this procedure shows our good faith in considering all ways in which we might resolve the dispute.

I would also emphasize that your efforts to obtain Mr. Flynn's signature of the consent form to release his complete Skype messages is of critical importance, and would eliminate one of the major hurdles to production. That your efforts in this regard are ongoing – and you seem to have some hope may be fruitful – is one of the many reasons a 1-week extension is warranted.

Please let me know at your earliest convenience.

Best,



**Charlotte Wasserstein**
**Attorney** | Davis Wright Tremaine LLP
**P** 310.425.1025  **E** charlottewasserstein@dwt.com
**A** 5870 West Jefferson Blvd, Suite H, Los Angeles, CA 90016

**DWT.COM**

---

**From:** Anthony Sampson <anthony@kneuppercovey.com>
**Sent:** Wednesday, October 16, 2024 6:06 PM
**To:** Wasserstein, Charlotte <CharlotteWasserstein@dwt.com>
**Cc:** elyssa@kneuppercovey.com; caitlin@kneuppercovey.com; Murphy, Mark <MarkMurphy@dwt.com>; Howard, Jim <JimHoward@dwt.com>; Heliszkowski, Beatriz <BeatrizHeliszkowski@dwt.com>; Eppenauer, Alex <AlexEppenauer@dwt.com>; Kevin Kneupper <kevin@kneuppercovey.com>; Cyclone Covey <cyclone@kneuppercovey.com>; Lorraine Weekes <lorraine@kneuppercovey.com>
**Subject:** Re: Sihler - Microsoft's Request for Extension of Time to Oppose MTC

**[EXTERNAL]**

---

Hi, Charlotte.

Thank you for your email. We cannot agree to an extension right now. But I believe that we are nearing a solution. By way of an update, we have made progress with obtaining Mr. Flynn's consent to release his messages to a third-party vendor. Although we are working out the logistics of this proposal and a final agreement on his part, I hope that we will have his agreement by the end of this week. If Mr. Flynn agrees, and Microsoft can put in process the production, then we would not have any dispute.

Aside from the issue of the scope of Mr. Flynn's consent--*i.e.*, assuming that he gives his consent to release his complete Skype messages--is Microsoft agreeable to producing documents?

I do appreciate you all working with us on this issue. I will bear in mind the motion deadline in working to arrive at a resolution as soon as possible. (Incidentally, I did not see any attachment to your message.)

Take care,

Anthony

On Wed, Oct 16, 2024 at 6:35 PM Wasserstein, Charlotte <CharlotteWasserstein@dwt.com> wrote:

| Kneupper & Covey |
|---|

| **Warning:** The sender CharlotteWasserstein@dwt.com sending email from domain dwt.com is not yet trusted by your organization.<br>There is a URL in the email asking for login credentials. It could be a phishing attempt. |
|---|

| Report Phishing Remove Banner - It's Safe |
|---|

| powered by Graphus® |
|---|

Hi Anthony,

Thanks for the productive call on Monday. As discussed, we write to formally request a 2-week extension on the filing of Microsoft's opposition to your motion to compel, i.e., to **November 7th**, and accordingly moving the noting date to November 13th, for the following reasons. **We would greatly appreciate a response as soon as possible, given our upcoming deadline.**

*First*, as you are aware, Microsoft is still confirming whether it is possible to produce Skype data for isolated conversations within an account (as opposed to all of the account's messages at once). If feasible, a selective production comprising only the requested conversations would resolve the dispute. We are making progress with Microsoft in discussing ways this may be possible, and as such, providing extra time would be most efficient for the parties.

*Second*, on our call, we proposed a new idea, namely that Microsoft produce the entire account file *to Mr. Flynn*, and you would employ a third-party vendor to isolate the requested data and ensure nothing was deleted by Mr. Flynn. We would like to give you time to investigate this option; if feasible, it may resolve the dispute.

*Third*, you are in the process of attempting to secure consent from Mr. Flynn for the disclosure to you of all of his Skype account messages. If he provides it, again, the dispute may be resolved.

*Fourth*, we have discovered that several of the Skype accounts referenced in the subpoena do not exist. These include: m.odonnell_19, m.jacula, gcardone1, apugliese_12, a.marshall_24, and n.carroll_6. We have also discovered that we will not be able to recover records of group chats after Mr. Flynn left the group. These limitations obviously change the scope of potentially available documents, and may lessen the relevance of the production. Some extra time would provide you the opportunity to investigate these issues.

We think a two-week extension would be sufficient time for the above issues to shake out. It seems there would be no issues in terms of your discovery cut off in the underlying action, as the scheduling order, ECF No. 28, requires merely that motions to compel are *filed* before the discovery cutoff, which occurred here.

Please let us know if you are amenable to extending our deadline to oppose to November 7th, and moving the noting date, at your earliest convenience. To this end we have attached a proposed Notice of Motion Renoted. If you would like to set a call to discuss, we are available anytime tomorrow.

Best,



**Charlotte Wasserstein**
**Attorney |** Davis Wright Tremaine LLP

**P** 310.425.1025  **E** charlottewasserstein@dwt.com
**A** 5870 West Jefferson Blvd, Suite H, Los Angeles, CA 90016

**DWT.COM**

--



Anthony Sampson
Associate

_____

Licensed in New York and
Texas Only
NY Bar 5676689 TX Bar 24139251

**Office** 657-845-3100 **Mobile** 281-783-6335 **Email** anthony@kneuppercovey.com
**Address** 8911 North Capital of Texas Highway, Suite 4200, No. 1173, Austin,
Texas 78759

--



Anthony Sampson
Associate

_____

Licensed in New York and
Texas Only
NY Bar 5676689 TX Bar 24139251

**Office** 657-845-3100 **Mobile** 281-783-6335 **Email** anthony@kneuppercovey.com
**Address** 8911 North Capital of Texas Highway, Suite 4200, No. 1173, Austin,
Texas 78759

# EXHIBIT 9

1  SLATER HERSEY & LIEBERMAN LLP
     A Limited Liability Partnership
2  JONATHAN P. HERSEY, Cal. Bar No. 189240
     jhersey@slaterhersey.com
3  100 Spectrum Center Drive, Suite 420
   Irvine, California  92618
4  Telephone:    949-398-7500
   Facsimile:    949-398-7501
5
   Attorneys for Applicant
6  SUPER VITAMINAS, S.A.

7                    UNITED STATES DISTRICT COURT

8                 NORTHERN DISTRICT OF CALIFORNIA

9                          SAN JOSE DIVISION

10

11  In re *Ex Parte* Application of:          Case No.

12  SUPER VITAMINAS, S.A.,

                                              **DECLARATION OF MAGDALENA**
13              Applicant,                    **HERRERA IN SUPPORT OF *EX**
                                              **PARTE* APPLICATION BY SUPER**
14  For an Order Pursuant to 28 U.S.C. § 1782 **VITAMINAS, S.A. FOR AN ORDER**
                                              **PURSUANT TO 28 U.S.C. § 1782**
15  Granting Leave to Obtain Discovery for    **GRANTING LEAVE TO OBTAIN**
   Use in Foreign Proceedings.                **DISCOVERY FOR USE IN FOREIGN**
16                                            **PROCEEDINGS**

17

18

19

20

21

22

23

24

25

26

27

28

                                  -1-
      DECLARATION OF MAGDALENA HERRERA IN SUPPORT OF
   APPLICATION FOR DISCOVERY ORDER PURSUANT TO 28 U.S.C. § 1782

## <u>DECLARATION OF MAGDALENA HERRERA</u>

I, Magdalena Herrera, declare:

1.     I am a citizen of Guatemala, over the age of 18, and a former employee of Super Vitaminas, S.A. ("Super Vitaminas").  I submit this declaration in support of the *Ex Parte* Application by Super Vitaminas for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings.  I have personal knowledge of the facts stated herein, and if called to testify about them, could and would do so accurately and truthfully to the best of my abilities.

2.     I worked for Super Vitaminas at its company headquarters in Guatemala City from 2009 to 2015.

3.     During the time I was employed by Super Vitaminas, I was assigned and used the email address magdalenaherrera@gnc.com.gt to perform my job duties on behalf of the company.  It was and continues to be my understanding that this email address, as well as the contents of the emails I sent and received from it, belong to Super Vitaminas as my employer.  This was not a personal email address, and I stopped using it when I stopped working for Super Vitaminas.  I do not assert ownership of the email address or the content of any of the emails sent from or received by that email address.

4.     Super Vitaminas is a franchisee of GNC and imports GNC health and wellness products from the United States into Guatemala for resale here.  Super Vitaminas contracted with freight forwarding companies to perform the importation services.  In 2012, I was one of two Super Vitaminas employees responsible for handling the importation of the GNC products and managing Super Vitaminas' business with its freight forwarders.  The other employee was Juan Roberto Castro.

5.     In 2012, Super Vitaminas used a conglomerate of freight forwarding companies.  My contact at those companies was an account manager named José Daniel Prada Concua ("Mr. Prada").  Mr. Prada and I would correspond about the importation of the GNC products by email.  I would send and receive emails using the

1  magdalenaherrera@gnc.com.gt email address. Mr. Prada used a Hotmail email address,

2  josedanielprada@hotmail.com.

3      6.    I am no longer employed by Super Vitaminas, and have not accessed any

4  emails at the magdalenaherrera@gnc.com.gt email address since I stopped working for the

5  company.

6      7.    I understand that Super Vitaminas is attempting to access the contents of

7  emails I sent and received from Mr. Prada in 2012 at the magdalenaherrera@gnc.com.gt

8  email address. I do not believe that I own those emails or have the right to keep them private

9  from the company. I therefore do not believe that I am required to provide consent for Super

10  Vitaminas to access them. Nonetheless, I knowingly, voluntarily, and without duress

11  provide my full consent for the contents of those emails to be disclosed to Super Vitaminas

12  and its attorneys.

13

14      I declare under penalty of perjury under the laws of the United States of America that

15  the foregoing is true and correct.

16

17  DATED:  November 10, 2017

18                                                _____

19                                                MAGDALENA HERRERA

20

21

22

23

24

25

26

27

28

-3-

DECLARATION OF MAGDALENA HERRERA IN SUPPORT OF
APPLICATION FOR DISCOVERY ORDER PURSUANT TO 28 U.S.C. § 1782

# EXHIBIT 10

SLATER HERSEY & LIEBERMAN LLP
   A Limited Liability Partnership
JONATHAN P. HERSEY, Cal. Bar No. 189240
   jhersey@slaterhersey.com
100 Spectrum Center Drive, Suite 420
Irvine, California  92618
Telephone:    949-398-7500
Facsimile:    949-398-7501

Attorneys for Applicant
SUPER VITAMINAS, S.A.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re *Ex Parte* Application of: | Case No. |
| SUPER VITAMINAS, S.A., | **DECLARATION OF JUAN ROBERTO CASTRO IN SUPPORT OF *EX PARTE* APPLICATION BY SUPER VITAMINAS, S.A. FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS** |
| Applicant, | |
| For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings. | |

-1-

## <u>DECLARATION OF JUAN ROBERTO CASTRO</u>

I, Juan Roberto Castro, declare:

1.   I am a citizen of Guatemala, over the age of 18, and a former employee of Super Vitaminas, S.A. ("Super Vitaminas").  I submit this declaration in support of the *Ex Parte* Application by Super Vitaminas for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings.  I have personal knowledge of the facts stated herein, and if called to testify about them, could and would do so accurately and truthfully to the best of my abilities.

2.   I worked for Super Vitaminas at its company headquarters in Guatemala City from October 19, 2009 to August 14, 2014.

3.   During the time I was employed by Super Vitaminas, I was assigned and used the email address jcastro@gnc.com.gt to perform my job duties on behalf of the company. It was and continues to be my understanding that this email address, as well as the contents of the emails I sent and received from it, belong to Super Vitaminas as my employer.  This was not a personal email address, and I stopped using it when I stopped working for Super Vitaminas.  I do not assert ownership of the email address or the content of any of the emails sent from or received by that email address.

4.   Super Vitaminas is a franchisee of GNC and imports GNC health and wellness products from the United States into Guatemala for resale here.  Super Vitaminas contracted with freight forwarding companies to perform the importation services.  In 2012, I was one of two Super Vitaminas employees responsible for handling the importation of the GNC products and managing Super Vitaminas' business with its freight forwarders.  The other employee was Magdalena ("Maggie") Herrera.

5.   In 2012, Super Vitaminas used a conglomerate of freight forwarding companies.  My contact at those companies was an account manager named José Daniel Prada Concua ("Mr. Prada").  Mr. Prada and I would correspond about the importation of the GNC products by email.  I would send and receive emails using the jcastro@gnc.com.gt email address.  Mr. Prada used a Hotmail email address, josedanielprada@hotmail.com.

6.      I am no longer employed by Super Vitaminas, and have not accessed any emails at the jcastro@gnc.com.gt email address since I stopped working for the company.

7.      I understand that Super Vitaminas is attempting to access the contents of emails I sent and received from Mr. Prada in 2012 at the jcastro@gnc.com.gt email address. I do not believe that I own those emails or have the right to keep them private from the company. I therefore do not believe that I am required to provide consent for Super Vitaminas to access them. Nonetheless, I knowingly, voluntarily, and without duress provide my full consent for the contents of those emails to be disclosed to Super Vitaminas and its attorneys.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: November 13, 2017

{see next pages for signature}

_____

JUAN ROBERTO CASTRO

DECLARATION OF JUAN ROBERTO CASTRO IN SUPPORT OF
APPLICATION FOR DISCOVERY ORDER PURSUANT TO 28 U.S.C. § 1782

**DECLARATION OF JUAN ROBERTO CASTRO**

I, Juan Roberto Castro, declare:

1.      I am a citizen of Guatemala, over the age of 18, and a former employee of Super Vitaminas, S.A. ("Super Vitaminas"). I submit this declaration in support of the *Ex Parte* Application by Super Vitaminas for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings. I have personal knowledge of the facts stated herein, and if called to testify about them, could and would do so accurately and truthfully to the best of my abilities.

2.      I worked for Super Vitaminas at its company headquarters in Guatemala City from October 19, 2009 to August 14, 2014.

3.      During the time I was employed by Super Vitaminas, I was assigned and used the email address jcastro@gnc.com.gt to perform my job duties on behalf of the company. It was and continues to be my understanding that this email address, as well as the contents of the emails I sent and received from it, belong to Super Vitaminas as my employer. This was not a personal email address, and I stopped using it when I stopped working for Super Vitaminas. I do not assert ownership of the email address or the content of any of the emails sent from or received by that email address.

4.      Super Vitaminas is a franchisee of GNC and imports GNC health and wellness products from the United States into Guatemala for resale here. Super Vitaminas contracted with freight forwarding companies to perform the importation services. In 2012, I was one of two Super Vitaminas employees responsible for handling the importation of the GNC products and managing Super Vitaminas' business with its freight forwarders. The other employee was Magdalena ("Maggie") Herrera.

5.      In 2012, Super Vitaminas used a conglomerate of freight forwarding companies. My contact at those companies was an account manager named José Daniel Prada Concua ("Mr. Prada"). Mr. Prada and I would correspond about the importation of the GNC products by email. I would send and receive emails using the jcastro@gnc.com.gt email address. Mr. Prada used a Hotmail email address, josedanielprada@hotmail.com.

6.      I am no longer employed by Super Vitaminas, and have not accessed any emails at the jcastro@gnc.com.gt email address since I stopped working for the company.

7.      I understand that Super Vitaminas is attempting to access the contents of emails I sent and received from Mr. Prada in 2012 at the jcastro@gnc.com.gt email address. I do not believe that I own those emails or have the right to keep them private from the company. I therefore do not believe that I am required to provide consent for Super Vitaminas to access them. Nonetheless, I knowingly, voluntarily, and without duress provide my full consent for the contents of those emails to be disclosed to Super Vitaminas and its attorneys.



1    I declare under penalty of perjury under the laws of the United States of America that

2    the foregoing is true and correct.

3

4    DATED: November 13, 2017

5    JUAN ROBERTO CASTRO

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28