| | |
|---|---|
| 1 | |
| 2 | |
| ... | |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| JANET SIHLER, Individually and On Behalf of All Others Similarly Situated; CHARLENE BAVENCOFF, Individually and On Behalf of All Others Similarly Situated,<br><br>Petitioners,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Respondent. | Case No.: 2:24-mc-00062 TL<br><br>**REPLY IN FURTHER SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH SUBPOENA FOR PRODUCTION OF DOCUMENTS BY NON-PARTY MICROSOFT CORPORATION**<br><br>**Note on Motion Calendar:** October 31, 2024<br><br>*Underlying action*: *Sihler et. al. v Global E-Trading LLC, et al.* (Middle District of Florida, Case No. 8:23-CV-1450-VMC-UAM) |

Movants' Subpoena makes a simple request: that Microsoft produce Skype chats that were a crucial channel of communication for participants in a fraud on thousands of consumers. Microsoft makes three arguments in opposition: (i) that Movants' motion to compel (the "Motion") is premature; (ii) that the Electronic Communications Protection Act ("ECPA") forbids Microsoft's compliance; and (iii) that Movants have not justified imposing a burden on Microsoft. Each of these arguments is misguided. First, Microsoft has refused to produce Mr. Flynn's data, notwithstanding Movants' efforts to resolve Microsoft's objections. Second, Mr. Flynn has furnished Microsoft with his consent three times, twice on Microsoft's preferred form. Third, Microsoft's burden to produce the indisputably relevant chats is minimal given its size and resources. The Court should order Microsoft to comply with the Subpoena.

## I.   The Motion Is Ripe.

Microsoft claims that the parties are not "at an impasse." *See* Opposition to Motion to Compel ("Opp."), Dkt. # 5 at p. 8-9. Although a party pursuing a discovery dispute must first meet and confer, LCR 37(a)(1), the rules do not contemplate informal negotiations *ad infinitum*. Rather, before seeking court intervention, a party need only "reasonably believe[] that an impasse ha[s] been reached." *Waste Action Project v. Girard Res. & Recycling, LLC.*, No. 2:21-cv-00443-RAJ-GJL, 2024 U.S. Dist. LEXIS 51221, at *6 (W.D. Wash. 2024) (citation omitted). Thus, a party can seek judicial intervention after multiple negotiations have not succeeded. *See, e.g.*, *id.*; *Bridgham-Morrison v. Nat'l Gen. Assurance Co.*, No. C15-927RAJ, 2016 U.S. Dist. LEXIS 23285, at *5 (W.D. Wash. 2016).

Movants' counsel conferred with Microsoft's counsel twice by videoconference and corresponded with Microsoft's counsel via email. *See*

- 1 -

REPLY IN FURTHER SUPPORT OF
MOTION TO COMPEL COMPLIANCE WITH SUBPOENA
CASE NO.: 2:24-MC-00062 TL

KNEUPPER & COVEY PC
600 1ST AVE., SUITE 102, PMB 2072
SEATTLE, WA 98104
(206) 759-7520

Declaration of Anthony Sampson, Dkt. # 1-8 at p. 2-3, ¶¶ 13-16 ("Sampson Decl.").[1] Movants explained the need for Microsoft's documents. *Id.* Microsoft left no doubt as to its position: it was "stand[ing] on its objections" and would not produce documents. *Id.* ¶ 16. Movants thus had a reasonable belief that the parties had reached an impasse.

Indeed, it was only after the Motion that Microsoft returned to the table. Movants have continued negotiations in good faith, obtaining Mr. Flynn's unqualified consent to release his data and retaining a third-party to filter the data. *See* Reply Declaration of Anthony Sampson ("Sampson Reply Decl."), Dkt. # 7 at ¶¶ 14, 17. On October 16, 2024, Movants' counsel asked whether Microsoft would comply with the Subpoena if Movants obtained Mr. Flynn's unrestricted consent to the disclosure. *Id.* at ¶ 15. On October 24, 2024, after Mr. Flynn provided his unrestricted consent, Movants' counsel again asked whether Microsoft would comply. *Id.* at ¶ 17. Microsoft responded on October 29, 2024, but would not agree to produce responsive documents. *Id.* at ¶ 19. Although Microsoft would have the Court believe that a non-judicial resolution is imminent, Microsoft will not commit to complying with the Subpoena, even though Movants have supplied Mr. Flynn's consent as requested.

Microsoft's refusal to comply with the Subpoena even with its preferred form of consent distinguishes this case from *Guirguis v. U.S. Bank Nat'l Ass'n*, No. C18-1456-JCC, 2019 U.S. Dist. LEXIS 185381 (W.D. Wash. 2019). There, the nonmoving party did not refuse to produce requested documents, but merely asked

---

[1] The Motion included a declaration specifying the date, manner, and participants of the meet-and-confer efforts. *See* Sampson Decl., Dkt. # 1-8 at ¶¶ 13-16. Movants thereby satisfied LCR 37(a)(1), which can be shown by a declaration filed with a motion to compel. *See Greenburg v. Red Robin Int'l, Inc.*, No. C17-6052 BHS, 2018 U.S. Dist. LEXIS 86734, at *3 (W.D. Wash. 2018) ("[A]ccepting counsel's declaration as sufficient evidence that the parties met and conferred on all issues presented").

- 2 -

REPLY IN FURTHER SUPPORT OF
MOTION TO COMPEL COMPLIANCE WITH SUBPOENA
CASE NO: 2:24-MC-00062 TL

KNEUPPER & COVEY PC
600 1ST AVE., SUITE 102, PMB 2072
SEATTLE, WA 98104
(206) 759-7520

for more time to locate responsive materials. *Id.* at U.S. Dist. LEXIS 185381, at *5. Here, Microsoft has not agreed to comply with the Subpoena at any time.

Finally, Movants cannot consent to further extension of the Noting Date beyond October 31, 2024. Discovery is scheduled to close in the underlying action on November 1, 2024. *Sihler, et al. v. Global E-Trading, LLC, et al.*, Case No: 8:23-cv-1450-VMC-LSG, ECF No. 38 (M.D. Fla. 2023). Should Movants seek a continuance of the discovery deadline with respect to the Subpoena, they will need to demonstrate their diligence in pursuing the documents under the existing case management order. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). Agreeing to Microsoft's second extension request would mean that the Motion would be fully submitted after the discovery deadline in the underlying action, which would jeopardize any request to modify that deadline.

Even with Mr. Flynn's consent, Microsoft will not say whether it will comply with the Subpoena. Movants have no choice but to seek court intervention.

## II. Microsoft Has Mr. Flynn's Consent To Disclose His Skype Data.

Microsoft next attempts to use the ECPA to justify disobeying a civil subpoena. Opp., Dkt. # 5 at p. 9-10. According to Microsoft, Movants "have not obtained valid consent under the ECPA" because they had not, at the time of the Motion, provided Mr. Flynn's consent on Microsoft's in-house form. *Id.*

Microsoft is wrong twice over. First, Mr. Flynn provided Microsoft with consent on the company's preferred form. *See* Sampson Reply Decl., Dkt. # 7 at Ex. G at pp. 1-2 (Completed Consent Form). That fact is fatal to Microsoft's attempt to use the ECPA as a shield against the Subpoena. *See* Motion, Dkt. # 1 at pp. 11-12.

Second, Microsoft conflates its idiosyncratic policy with Federal law. Microsoft does not supply authority that ECPA requires compliance with its preferred form of consent, because no such requirement exists. Indeed, ECPA

- 3 -

REPLY IN FURTHER SUPPORT OF
MOTION TO COMPEL COMPLIANCE WITH SUBPOENA
CASE NO: 2:24-MC-00062 TL

KNEUPPER & COVEY PC
600 1ST AVE., SUITE 102, PMB 2072
SEATTLE, WA 98104
(206) 759-7520

requires only the "the lawful consent of the originator or an addressee or intended recipient of such communication, or the subscriber in the case of remote computing service." 18 U.S.C. § 2702(b)(1). Mr. Flynn provided "lawful consent" for Microsoft to release his data in a declaration signed under oath that Movants served with the Subpoena. *See* Sampson Decl., Ex. B, Dkt. # 1-2 at pp. 11-12. Microsoft does not contest the validity of Mr. Flynn's declaration. Nor could it. Mr. Flynn's declaration bears his electronic signature through a reputable electronic signature provider and is made under the penalty of perjury. *Id.*; *see Stemmen v. Ttec Gov't Sols., LLC*, No. 2:23-cv-08806-SK, 2024 U.S. Dist. LEXIS 70736, at *6 (C.D. Cal. 2024) (noting that "an electronic signature is presumptively authentic"). Microsoft's refusal to comply with the Subpoena because Mr. Flynn's consent was not on its bespoke form is baseless.

Microsoft cannot distinguish this case from *Super Vitaminas, S.A.*, No. 17-mc-80125-SVK, 2017 U.S. Dist. LEXIS 191845 (N.D. Cal. 2017), an on-point authority for the proposition that sworn declarations are sufficient to give subscriber consent under ECPA. Microsoft does not explain why the wording of the declarations in *Super Vitaminas* is relevant. The salient finding of *Super Vitaminas* is that a declaration is a valid memorialization of ECPA consent. Microsoft provides no meaningful argument to distinguish that case from this one.

Microsoft has Mr. Flynn's signed declaration and now has two forms of Mr. Flynn's consent on Microsoft's preferred form. Microsoft's ECPA argument should be rejected.

### III. Microsoft Does Not Carry Its Burden To Show That Relevant Discovery Should Not Be Compelled.

Microsoft complains that Movants have not justified the burden that compliance would place on Microsoft. *See* Opp., Dkt. # 5 at pp. 12-13. What that

REPLY IN FURTHER SUPPORT OF
MOTION TO COMPEL COMPLIANCE WITH SUBPOENA
CASE NO: 2:24-MC-00062 TL

KNEUPPER & COVEY PC
600 1ST AVE., SUITE 102, PMB 2072
SEATTLE, WA 98104
(206) 759-7520

burden is, Microsoft does not say. Nor does Microsoft engage with the authority explaining Movants' entitlement to Microsoft's records. Microsoft instead glosses over the issues with the Skype messages that Mr. Flynn has produced and minimizes the obvious relevance of further communications between Mr. Flynn and his co-conspirators in Microsoft's possession. Microsoft has not carried its burden to show why the relevant information requested in the Subpoena should not be compelled.

As an initial matter, Microsoft argues that Movants should simply "content[] themselves with the reams of messages Mr. Flynn produced." Opp., Dkt. # 5 at p. 12. These messages, however, are incomplete on their face. *See* Motion, Dkt. # 1 at 4-5. Microsoft does not discuss the incompleteness of the Skype messages that Mr. Flynn produced, instead dismissing Movants' well-founded suspicion as "purported disbelief" or mere "mistrust." Opp., Dkt. # 5 at 12. As Movants make clear, however, there is nothing implausible about the incompleteness of Mr. Flynn's production—the messages appear to be selectively produced and missing later entries. *See* Sampson Decl., Exs. D-F, Dkt. # 1-4 at p. 33, Dkt. # 1-5 at 34. Movants also explained how discovery from a non-party involving communications between co-conspirators is relevant to claims of conspiracy and that discovery to supplement a potentially incomplete collection of documents is a well-established ground for non-party discovery. *See* Motion, Dkt. # 1 at 9-11. Microsoft analyzes neither argument. Microsoft's failure to address the central bases for the Subpoena undermines any suggestion that the requested information is not relevant to the underlying action.

Microsoft next invents a legal distinction out of whole cloth, asserting that it should be afforded additional protections because another non-party—Mr. Flynn—participated in the fraud at the center of the case.[2] Opp., Dkt. #5 at p. 12. Microsoft

---

[2] The U.S. Court of Appeals for the Ninth Circuit has rejected a distinction between parties and non-parties for the purposes of examining the burden imposed by a subpoena, *Mount Hope Church*

- 5 -

| REPLY IN FURTHER SUPPORT OF | KNEUPPER & COVEY PC |
| MOTION TO COMPEL COMPLIANCE WITH SUBPOENA | 600 1ST AVE., SUITE 102, PMB 2072 |
| CASE NO: 2:24-MC-00062 TL | SEATTLE, WA 98104 |
| | (206) 759-7520 |

does not explain the import of this difference, but it apparently contends that Movants should make further futile attempts to seek Skype chats from Mr. Flynn, rather than from Microsoft. As an initial matter, Microsoft does not even attempt to articulate the specific burden of compliance, likely because that burden is *de minimis*. Microsoft's failure to present facts about the costs of compliance means that it has not carried its burden to show that those costs are disproportionate to Movants' need for the information. *See Cardinali v. Plusfour, Inc.*, No. 2:16-cv-02046-JAD-NJK, 2019 U.S. Dist. LEXIS 132727, at *5 (D. Nev. 2019) ("[T]he objecting party must provide specific facts that indicate the nature and extent of the burden."). Movants also have good reason to ask Microsoft, the custodian of the most complete record of Mr. Flynn's conversations, for chats to ensure that Movants have a full set of the relevant communications.[3] Microsoft's conclusory assertion of an undue burden is insufficient when weighed against Movants' demonstrable need for the information. *Id.*

Also, Microsoft ignores the—legally relevant—way in which it is no ordinary non-party witness. In assessing the burden on a non-party, courts routinely consider the resources available for compliance. *See, e.g.*, *Chevron Corp. v. Donziger*, 2013 U.S. Dist. LEXIS 36353, at *120 (S.D.N.Y. 2013) (noting that, in part, the "size [of the nonparty] (reportedly over $300 million in gross revenues in 2012)," meant that the burden of a subpoena was not undue); *Sterling Merch., Inc. v. Nestle, S.A.*, No. 06-1015(SEC), 2008 U.S. Dist. LEXIS 31938, at *5 (D.P.R. 2008) ("[I]nconvenience is relative to size."); *cf. EEOC v. Ferrellgas, L.P.*, 97 F.4th 338, 350 (6th Cir. 2024) ("[W]hat is unduly burdensome to a small business with a

---

*v. Bash Back*, 705 F.3d 418, 429 (9th Cir. 2012), to say nothing of Microsoft's purported distinction between non-parties.

[3] Movants minimized Microsoft's burden by engaging a third-party forensics firm to filter Mr. Flynn's data for relevant conversations. Sampson Reply Decl., Dkt. # 7 at ¶ 14.

- 6 -

REPLY IN FURTHER SUPPORT OF
MOTION TO COMPEL COMPLIANCE WITH SUBPOENA
CASE NO: 2:24-MC-00062 TL

KNEUPPER & COVEY PC
600 1ST AVE., SUITE 102, PMB 2072
SEATTLE, WA 98104
(206) 759-7520

handful of employees may not be unduly burdensome to a Fortune 500 company."). Microsoft is one of the most well-resourced entities in the world.[4] It defies belief that an entity of Microsoft's scale could complain about the burden of a Subpoena that—as Microsoft does not dispute—is cabined to specific individuals and accounts over a discrete period.

Lastly, Microsoft tries to minimize the relevance of the information requested by asserting that it only could produce "(a) conversation threads Mr. Flynn did not delete with a handful of the interlocutors; and (b) messages sent in chat groups of which Mr. Flynn remains a member." Opp., Dkt. # 5, at p. 13. What Microsoft elides, however, is that the "handful of interlocutors" and group chats likely involved other members of the conspiracy alleged in the underlying action. *See* Motion, Dkt. # 1 at 12-13. Whatever the quantity of those messages in Microsoft's possession, discussions among co-conspirators plainly are relevant to an underlying action that centers on that conspiracy. *See* Motion, Dkt. # 1 at 9-10.

## IV.  Conclusion

Microsoft should be compelled to comply with the Subpoena.

Dated: October 31, 2024             By:    */s/ Caitlin Skurky*

**Kneupper & Covey PC**
Caitlin Skurky, Esq.
Washington Bar No. 60246
600 1st Ave., Suite 102, PMB 2072
Seattle, WA 98104
caitlin@kneuppercovey.com
(206) 759-7520
*Attorney for Movants*

---

[4] *See* Annual Report 2024 at 33, Microsoft (Oct. 19, 2024), available at https://microsoft.gcs-web.com/static-files/2e135de7-7104-4bca-b2c4-e584199eabeb (listing Microsoft's revenue in FY 2024 as over $245 billion).

- 7 -
REPLY IN FURTHER SUPPORT OF
MOTION TO COMPEL COMPLIANCE WITH SUBPOENA
CASE NO: 2:24-MC-00062 TL

KNEUPPER & COVEY PC
600 1ST AVE., SUITE 102, PMB 2072
SEATTLE, WA 98104
(206) 759-7520

## CERTIFICATE OF WORD COUNT

I certify that this memorandum, excluding the signature block, contains 2,097 words, in compliance with the Local Civil Rules.

Dated: October 31, 2024                    By:     */s/ Caitlin Skurky*

**Kneupper & Covey PC**
Caitlin Skurky, Esq.
Washington Bar No. 60246
600 1st Ave., Suite 102, PMB 2072
Seattle, WA 98104
caitlin@kneuppercovey.com
(206) 759-7520

*Attorney for Movants*

- 8 -
REPLY IN FURTHER SUPPORT OF
MOTION TO COMPEL COMPLIANCE WITH SUBPOENA
CASE NO: 2:24-MC-00062 TL

KNEUPPER & COVEY PC
600 1ST AVE., SUITE 102, PMB 2072
SEATTLE, WA 98104
(206) 759-7520

# CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2024, I caused Petitioners' Notice of Motion and Motion to Compel Compliance With Subpoena for Production of Documents by Microsoft Corporation to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing.

Shortly following the electronic filing of this document, a copy of the foregoing will also be sent by email to Microsoft's counsel.

By: */s/ Caitlin Skurky*

**Kneupper & Covey PC**
Caitlin Skurky, Esq.
Washington Bar No. 60246
600 1st Ave., Suite 102, PMB 2072
Seattle, WA 98104
caitlin@kneuppercovey.com
(206) 759-7520

- 9 -

REPLY IN FURTHER SUPPORT OF
MOTION TO COMPEL COMPLIANCE WITH SUBPOENA
CASE NO: 2:24-MC-00062 TL

KNEUPPER & COVEY PC
600 1ST AVE., SUITE 102, PMB 2072
SEATTLE, WA 98104
(206) 759-7520