UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANET SIHLER, individually and on behalf of all others similarly situated; CHARLENE BAVENCOFF, individually and on behalf of all others similarly situated,<br><br>              Petitioners,<br>   v.<br><br>MICROSOFT CORPORATION,<br><br>              Respondent. | CASE NO. 2:24-mc-00062-TL<br><br>ORDER ON MOTION TO COMPEL COMPLIANCE WITH SUBPOENA FOR DOCUMENTS |

      This matter is before the Court on Petitioners' Motion to Compel Compliance with Subpoena for Production of Documents by Non-Party Microsoft Corporation. Dkt. No. 1. Having reviewed the motion, Respondent's response (Dkt. No. 5), Petitioners' reply (Dkt. No. 7), and the relevant record, the Court GRANTS the motion.

# I. BACKGROUND

The instant motion arises from an underlying action in the Middle District of Florida. *See Sihler et al. v. Global e-Trading, LLC, et al.*, No. C23-1450 (M.D. Fla.). As Petitioners explain (and Respondent does not contest), the underlying action arises out of an alleged scheme to defraud consumers in connection with the sale of sham weight-loss pills branded "Ultra-Fast Keto Boost" or "Instant Keto Boost" (the "Keto Products"). Dkt. No. 1 at 2. The merchants that sold the Keto Products (the "Keto Associates") advertised celebrity endorsements and various promotions and discounts, but the endorsements were fabricated, and the victim customers were charged more for the Keto Products than promised. *Id.* at 2–3. Neither Plaintiff was able to obtain a refund. *Id.* at 3. Plaintiffs allege that Defendant "Chargebacks911" in the underlying action provided consulting and implementation to help the Keto Associates keep their "charge back" rate[1] artificially low to allow the scheme to continue undetected. *Id.* at 3–4. Plaintiffs ultimately allege that Defendants were part of an illegal enterprise under the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968. *Id.* at 3.

The subpoena at issue in the instant motion seeks the records of Skype chats between David Flynn, one of the Keto Associates, and several other named accounts and individuals. *See* Dkt. No. 1-1 (subpoena). The subpoena requests records between January 1, 2019, and December 31, 2023. *Id.* Plaintiffs in the underlying action allege that the Defendants and the Keto Associates orchestrated their scheme in part through Skype conversations—specifically, advising the Keto Associates (including Flynn) on how to structure the financial backend of the scheme. Dkt. No. 1 at 4. Flynn produced some Skype chats in the underlying action, but

---

[1] As Petitioners explain, "consumers who are overcharged or dissatisfied may seek a charge back from their bank or credit card company. Once a merchant's charge back rate exceeds a certain percentage of its total transactions, the merchant may be subject to fees and eventually could be cut off from the payment processing services and financial services at major banks and credit cards." Dkt. No. 1 at 3.

Petitioners assert that "those chats are incomplete on their face." Dkt. No. 1 at 4; *see* Dkt. Nos. 1-4, 1-5 (Skype chat screenshots); Dkt. No. 1-6 (Skype messages copied and pasted into Word document). Petitioners argue that they have a "distinct need" for the requested documents to "ensure the completeness of the conversations as produced by Mr. Flynn." *Id.* at 5. Petitioners also argue that Flynn may have participated in group conversations, for which they seek complete records. *Id.* at 6.

On June 21, 2024, Petitioners issued the subpoena to Respondent, and on June 24, the subpoena was personally delivered to Respondent. *Id.*; *see* Dkt. No. 1-3 (proof of service). On July 12, Respondent transmitted objections. Dkt. No. 1-7. From August to October 2024, the Parties engaged in multiple meet and confers and other communications, but they were unable to resolve the dispute. Dkt. No.1 at 7–8; Dkt. No. 5 at 5–6. Petitioners now bring the instant motion to compel compliance with the subpoena. Dkt. No. 1. Respondent opposes. Dkt. No. 5.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 45 "governs discovery of non-parties by subpoena. The scope of discovery under Rule 45 is the same as under Rule 26(b)." *Grund & Mobil Verwaltungs AG v. Amazon.com, Inc.*, No. MC23-56, 2023 WL 5533575, at *4 (W.D. Wash. Aug. 28, 2023) (first citing Fed. R. Civ. P. 45 advisory committee's note to 1970 amendment; then citing *Lozano v. Does I–X*, No. C22-1477, 2022 WL 16744880, at *3 (W.D. Wash. Nov. 7, 2022)). A party issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).

Federal Rule of Civil Procedure 26 allows parties to obtain discovery regarding:

> any nonprivileged matter that is relevant to any party's claim or
> defense and proportional to the needs of the case, considering the
> importance of the issues at stake in the action, the amount in
> controversy, the parties' relative access to relevant information, the
> parties' resources, the importance of the discovery in resolving the

issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). However, discovery may be denied where:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

Finally, under Federal Rule of Civil Procedure 37, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The party seeking to compel discovery has the initial burden of establishing that its requests are relevant. *Grund & Mobil Verwaltungs AG*, 2023 WL 5533575, at *4. However, once this showing is made, the party seeking to deny discovery must then "carry a heavy burden of showing why discovery" should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). In responding to a motion to compel discovery, "the party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998); *accord Grund & Mobil Verwaltungs AG*, 2023 WL 5533575, at *4.

### III.    DISCUSSION

Respondent argues the motion should be denied for three reasons: (1) the motion is premature (*see* Dkt. No. 5 at 8–9); (2) the Electronic Communications Privacy Act ("ECPA") requires denial (*see id.* at 9–11); and (3) the subpoena is unduly burdensome (*see id.* at 12–13). For the reasons that follow, all of Respondent's arguments fail.

First, Respondent argued (perhaps reasonably) in its opposition filed October 24, 2024, that the motion was premature because the Parties were "still actively pursuing avenues to facilitate [Respondent's] production of the requested records" and "[m]eet and confer efforts [were] ongoing." *Id.* at 8. However, to date, the Parties have not informed the Court that the dispute is resolved, and almost two months have passed since Respondent's opposition was filed. Thus, whether or not the motion was premature in October, it is not premature now.

Second, Respondent argued that Petitioners "have not obtained valid consent under the ECPA" because Flynn altered Respondent's standard consent verification form to limit the scope of his consent. Dkt. No. 5 at 10; *see* Dkt. No. 6 at 30–31 (standard form), 34–35 (Flynn's altered form); *see also* 18 U.S.C. § 2702(b)(3) (permitting disclosure of communications "with the lawful consent of the originator or an addressee or intended recipient of such communication, or the subscriber in the case of remote computing service"). But on reply, Petitioners show that Flynn later provided full consent on Respondent's preferred form. *See* Dkt. No. 7-8 at 2–3 (Flynn's unaltered form). As it appears that Petitioners successfully persuaded Flynn to sign Respondent's form without alterations, there is no live issue with respect to ECPA.[2]

Third, Respondents argue that the subpoena imposes an undue burden, given that "the Skype records are fully available to its customer, Mr. Flynn." Dkt. No. 5 at 8. But as Petitioners argue (and as the records demonstrate), "there is nothing implausible about the incompleteness of Mr. Flynn's production." Dkt. No. 7 at 6 (citing Dkt. No. 1-4 at 33; Dkt. No. 1-5 at 34). Communications among co-conspirators are relevant to a RICO claim. *See, e.g.*, *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, No. C16-236, 2018 WL 2441518, at *7 (N.D. Cal. May 31, 2018) (finding "communications between Defendants and donors, and

---

[2] The Court thus need not reach the Parties' arguments regarding whether Flynn's separate declaration (as opposed to Respondent's preferred form) is sufficient to establish consent under ECPA. *See* Dkt. No. 1-2 at 11–12 (Flynn declaration).

ORDER ON MOTION TO COMPEL COMPLIANCE WITH SUBPOENA FOR DOCUMENTS - 5

communications regarding the publication of the videos" relevant to RICO claim). Moreover, "in appropriate circumstances, production from a third party will be compelled in the face of an argument that the same documents could be obtained from a party, because there is reason to believe that the files of the third party may contain different versions of documents, additional material, or perhaps, significant omissions." *Gonzales-Tzita v. City of Los Angeles*, No. C16-194, 2018 WL 10111333, at *2 (C.D. Cal. Sept. 30, 2018) (quoting *Viacom Int'l, Inc. v. YouTube, Inc.*, No. C08-80129, 2008 WL 3876142, at *3 (N.D. Cal. 2008)). Petitioners' subpoena describes the documents with particularity and confines the request to a specific time period, all of which minimizes any burden on Respondent. *See Mount Hope Church v. Bash Back!*, 705 F.3d 418, 428 (9th Cir. 2012) (holding subpoena did not impose undue burden under Rule 45 where it "only requested a limited amount of information that was easily accessible by [the subpoenaed party]"); *United States v. Google LLC*, 690 F. Supp. 3d 1011, 1023 (N.D. Cal. 2023) (holding discovery not unduly burdensome where party requested information from individuals "who used a specific Google email account during a specific date range").

Respondent protests that "[m]uch of the information Petitioners request is not within [its] possession, custody or control" (Dkt. No. 5 at 13), but that simply speaks to what Respondent can produce, not the scope or burden of Petitioners' request. Ultimately, Respondent never articulates the nature of burden on itself, let alone why that burden is undue—a difficult showing, perhaps, for "one of the most well-resourced entities in the world." Dkt. No. 7 at 8; *cf. Equal Emp. Opportunity Comm'n v. Ferrellgas, L.P.*, 97 F.4th 338, 350 (6th Cir. 2024) ("Assessing whether the burden of compliance is undue is a comparative exercise; what is unduly burdensome to a small business with a handful of employees may not be unduly burdensome to a Fortune 500 company.").

#### IV.    CONCLUSION

Accordingly, Petitioners' Motion to Compel Compliance with Subpoena for Production of Documents by Non-Party Microsoft Corporation (Dkt. No. 1) is GRANTED. Respondent SHALL produce documents responsive to the subpoena, if any, **within fourteen (14) days** of this Order.

Dated this 20th day of December 2024.

Tana Lin
United States District Judge