The Honorable Tana Lin

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANET SIHLER, Individually and On Behalf of All Others Similarly Situated; CHARLENE BAVENCOFF, Individually and On Behalf of All Others Similarly Situated,<br><br>Petitioners,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Respondent. | Case No. 2:24-mc-00062<br><br>MICROSOFT CORPORATION'S MOTION FOR RECONSIDERATION<br><br>NOTED FOR MOTION CALENDAR: January 3, 2025 |

MICROSOFT CORPORATION'S MOTION FOR RECONSIDERATION - 1
(Case No. 2:24-mc-00062)
4925-6653-2362v.8 0025936-003310

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## I. INTRODUCTION

Pursuant to Local Rule 7(h), Respondent Microsoft Corporation ("Microsoft") respectfully submits this Motion for Reconsideration as to this Court's Order on Motion to Compel Compliance with Subpoena for Documents, Dkt. No. 8 (Dec. 20, 2024) (the "Order"). Since briefing on Petitioners' Motion to Compel concluded, Microsoft has learned that David Flynn, the purported owner of the requested Skype messages, failed Microsoft's verified consent process. Accordingly, Microsoft asks this Court to reconsider its Order and deny the Motion to Compel or stay Microsoft's obligations until Mr. Flynn resubmits a verified consent form that proves his ownership of the relevant account, or otherwise submits evidence to the Court to prove he owns the account and has consented to Microsoft producing responsive communications under the Electronic Communications Privacy Act of 1986 ("ECPA").

## II. BACKGROUND

Microsoft has outlined the full meet-and-confer process in its Opposition brief, incorporated by reference herein. *See* Opposition at 5-7, Dkt. No. 5 (Oct. 24, 2024). Relevant to this Motion, the parties eventually agreed that Mr. Flynn would provide his full consent through Microsoft's verification process, and he would then work with a third-party vendor to facilitate production to Petitioners if verification succeeded and the ECPA's requirements were met. *Id.* Despite this general understanding, Petitioners refused to withdraw or postpone the Motion to Compel, and briefing proceeded. *Id.* As the Court noted, Mr. Flynn first submitted a limited consent form (*i.e.*, one that attempted to confine disclosure only to communications with specific other Skype users) and later—on October 24, 2024—submitted a consent form without those improper limitations. *See* Order at 5.

Unfortunately the second consent form Mr. Flynn submitted failed Microsoft's verification process. As explained in Microsoft's Opposition, the verified consent form asks for basic information that only the accountholder should know or have access to, such as the first and last name of the accountholder, the accountholder's address and year of birth, the approximate date of account creation, the approximate date of the last login for the account, and

MICROSOFT CORPORATION'S MOTION FOR RECONSIDERATION - 2
(Case No. 2:24-mc-00062)
4925-6653-2362v.8 0025936-003310

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

the internet service provider used for the account. See Ex. 3 to Declaration of Mark Murphy, Dkt. No. 6 (Oct. 24, 2024). If a purported accountholder fails Microsoft's verification process, Microsoft does not view the unverified consent as sufficient under the ECPA to disclose the content of communications. See 18 U.S.C. § 2702(b)(3).

In Mr. Flynn's case, Microsoft's Law Enforcement National Security division determined that the information provided in the verification form was incomplete or did not match the registration data in the account. Counsel for Microsoft reached out to counsel for Petitioners on November 21, 2024, to ask if Mr. Flynn could "correct the verification form and resubmit it." Ex. 1 to Declaration of Mark Murphy filed concurrently herewith. Counsel for Petitioners never responded.

### III.    LEGAL STANDARD

A motion for reconsideration may be granted upon a showing of "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Silver Fern Chem., Inc. v. Lyons*, No. 2:23-cv-00775, 2024 WL 4389234, at *1 (W.D. Wash. Oct. 3, 2024) (Lin, J.) (quoting Local Civil Rule 7(h)(1)). A motion for reconsideration under Local Rule 7(h) is appropriate for interlocutory orders. *See Baronius Press Ltd. v. Faithlife Corp.*, No. 22-cv-01635, 2024 WL 1909087, at *2-3 (W.D. Wash. May 1, 2024) (Lin, J.). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Doe v. Salesforce.com Inc.*, No. 24-cv-00435, 2024 WL 4535390, at *1 (W.D. Wash. Oct. 21, 2024) (Lin, J.) (quoting *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003)).

### IV.    ARGUMENT

The Court should reconsider its Order and decline to compel Microsoft to disclose the contents of Skype communications without a resubmitted verified consent form from Mr. Flynn. Mr. Flynn's consent form was determined to be insufficient only after briefing on this matter closed, and Microsoft thereafter attempted to resolve the issue by contacting Petitioners' counsel,

MICROSOFT CORPORATION'S MOTION FOR RECONSIDERATION - 3
(Case No. 2:24-mc-00062)
4925-6653-2362v.8 0025936-003310

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

who ignored Microsoft's email.  Because Mr. Flynn has not provided verified consent and Microsoft seeks to comply with the ECPA, the motion for reconsideration should be granted.

This Court's Order was largely based on Mr. Flynn having "provided full consent." Order at 5.  However Mr. Flynn failed to provide information required by Microsoft's consent process to confirm his ownership of the relevant account and consent to sharing information about it.  This case is similar to *Kamradt v. Esurance Ins. Co.*, No. 22-cv-01445, 2024 WL 4212872 (W.D. Wash. Sept. 17, 2024) (Lin, J.).  In *Kamradt*, this Court determined that "it based one of the conclusions in its prior order on a mistake regarding a relevant fact that results in a manifest error in the prior ruling." 2024 WL 4212872, at *1.  The mistake here is not the Court's fault.  Rather, Mr. Flynn did not provide sufficient information to confirm his ownership of the account and valid consent, which nullifies the ultimate conclusion that "there is no live issue with respect to ECPA."  Order at 5.

The failure to provide verified consent is no small matter.  The ECPA prohibits the disclosure of communication data in electronic storage without the consent of the accountholder. The ECPA allows companies such as Microsoft to divulge communication data in electronic storage only in the case of the exemptions in 18 U.S.C. § 2702(b), none of which include a civil subpoena or even a court order.  *See* 18 U.S.C. § 2702(b); *see also* Opposition at 10 (collecting cases).  Microsoft's consent verification process ensures that the actual accountholder provides consent.  It is thus critical not only to Microsoft's compliance with federal law but also to the integrity of the larger data privacy ecosystem.  Here, this means that Mr. Flynn should resubmit a fully compliant consent form for Microsoft to verify.

In the alternative, this Court should require Mr. Flynn to submit evidence sufficient for the Court to conclude that Mr. Flynn owns the account at issue and has consented to Microsoft producing responsive communications in compliance with the ECPA.

MICROSOFT CORPORATION'S MOTION FOR RECONSIDERATION - 4
(Case No. 2:24-mc-00062)
4925-6653-2362v.8 0025936-003310

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

V.   CONCLUSION

For the foregoing reasons, the Court should grant the motion for reconsideration and deny the Motion to Compel or stay Microsoft's obligation to comply with the Order pending verification of Mr. Flynn's consent.

DATED this 3rd day of January, 2025.

        Davis Wright Tremaine LLP
        Attorneys for Respondent Microsoft Corporation

        By */s/ James Howard*

        James Howard, WSBA #37259
        920 Fifth Avenue, Suite 3300
        Seattle, WA 98104-1610
        Telephone: 206-757-8883
        Email: jimhoward@dwt.com

        I certify that this memorandum contains 1037 words, in compliance with the Local Civil Rules.

MICROSOFT CORPORATION'S MOTION FOR RECONSIDERATION - 5
(Case No. 2:24-mc-00062)
4925-6653-2362v.8 0025936-003310

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax