**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| JANET SIHLER, Individually and On Behalf of All Others Similarly Situated; CHARLENE BAVENCOFF, Individually and On Behalf of All Others Similarly Situated,<br><br>Petitioners,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Respondent. | Case No.: 2:24-mc-00062 TL<br><br>**PETITIONERS' OPPOSITION TO MICROSOFT CORPORATION'S MOTION FOR RECONSIDERATION**<br><br>*Underlying action*: *Sihler et. al. v Global E-Trading LLC, et al.* (Middle District of Florida, Case No. 8:23-CV-1450-VMC-LSG) |

**INTRODUCTION**

The Court ordered Microsoft to "produce documents responsive to the subpoena, if any, within fourteen (14) days of this Order"—*i.e.*, on January 3, 2025.[1] Dkt. No. 8 at 7. On December 23, 2024, Microsoft's counsel emailed Petitioners' counsel requesting an extension to comply with the Order. Sampson Decl. at ¶ 9, Ex. C. Counsel's communication did not mention inaccuracies with Mr. Flynn's consent form or reconsideration of the Court's Order. Petitioners' counsel responded the next day, explaining that, because of the underlying action's discovery deadline, Petitioners could not consent to an extension. *Id.* Microsoft reiterated its extension request, referencing only the time needed to "pull [the documents] together." *Id.* Petitioners' counsel replied that Petitioners could not consent to an extension because (i) the court in the underlying action stated that it "will not extend the [January 15, 2025] discovery deadline any further," and (ii) Petitioners' vendor required time to filter the data, tasks that Microsoft refused to perform. *Id.*

The January 3 deadline came and went without Microsoft's compliance. Sampson Decl. at ¶ 11. Unable to secure an extension, Microsoft decided to defy and challenge the Court's Order with its Motion for Reconsideration. *See* Dkt. No. 9. The sole ground on which Microsoft sought reconsideration was that Mr. Flynn had "failed Microsoft's verified consent process" (how, exactly, Microsoft does not say). Dkt. No. 9 at 2. Microsoft did not explain how this fact is new evidence needed to clear the high bar to warrant reconsideration of the Court's Order.

During a meet and confer on January 8, 2025, Petitioners' counsel explained that they had asked Mr. Flynn to review the information he provided and complete the consent form again, but that those efforts were unlikely to succeed without at least knowing what information was incorrect. To that end, Petitioners' counsel asked Microsoft to clarify which portions of Mr. Flynn's consent form were deficient. Petitioners' counsel also proposed alternative methods to verify Mr. Flynn's

---

[1] On January 6, 2025, the Court requested the Petitioners response by January 10, 2025. Dkt. No. 11. Petitioners' counsel of record was out of the office attending to a family emergency. As a result, Petitioners were not aware of the Court's order until after the response deadline had passed. Petitioners apologize for the oversight and respectfully request that the Court consider this response notwithstanding its tardiness.

- 1 -

PETITIONERS' OPPOSITION TO MOTION
FOR RECONSIDERATION
CASE NO: 2:24-MC-00062 TL

KNEUPPER & COVEY PC
600 1st Ave., Suite 102, PMB 2072
Seattle, WA 98104
(206) 759-7520

identity, including reviewing the communications for conversations or participants that matched those known to involve Mr. Flynn or referencing logins from Mr. Flynn's IP address. Sampson Decl. at ¶ 12. Petitioners also explained that Mr. Flynn reported that he had obtained his data "from Microsoft." Sampson Decl. at ¶ 12. Microsoft insisted that Mr. Flynn re-do its internal consent form and refused to say what about the current information is lacking.

Because the motion does not cite any change in the law or fact that Microsoft could not have raised before, it must be denied.

## ARGUMENT

"Motions for reconsideration are disfavored," LCR 7(h)(1), and should be denied absent "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* Only "highly unusual circumstances" warrant reconsideration of a prior order. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). "A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Id.* (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). Matters not raised in the first instance by a represented party are not considered on a motion for reconsideration. *See 389 Orange Street*, 179 F.3d at 665. "For purposes of a motion for reconsideration, evidence is not 'new' if it was in the moving party's possession or could have been discovered prior to the court's ruling." *Chung v. Wash. Interscholastic Activities Ass'n*, 550 F. Supp. 3d 920, 924 (W.D. Wash. 2021) (citation omitted).

Microsoft's motion for reconsideration does not clear the "high hurdle" required to warrant reconsideration.[2] *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001). That is because

---

[2] It also does not excuse compliance with the Court's Order. "Disagreement with the court is not an excuse for failing to comply with court orders." *Adriana Int'l Corp. v. Lewis & Co.*, 913 F.2d 1406, 1411 (9th Cir. 1990). Thus, "[a]bsent a stay, all orders and judgments of courts must be complied with promptly." *Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983), *rev'd on other grounds*, 761 F.2d 1411 (9th Cir. 1985) (citing *Maness v. Meyers*, 419 U.S. 449, 458 (1975)).

- 2 -

PETITIONERS' OPPOSITION TO
MOTION FOR RECONSIDERATION
CASE NO.: 2:24-MC-00062 TL

KNEUPPER & COVEY PC
600 1st Ave., Suite 102, PMB 2072
Seattle, WA 98104
(206) 759-7520

Microsoft—well-represented by able attorneys—had the information that forms the basis of its request in its possession long before it brought it to the Court's attention. As Microsoft's counsel averred in the opposition to the Motion to Compel, Petitioners supplied Mr. Flynn's account verification information on October 11, 2024—nearly two weeks prior to Microsoft's opposition to the Motion to Compel. *See* Dkt. No. 7-4; Decl. of Mark Murphy at ¶ 11 (Dkt. No. 6). And the company agreed to verify that information on October 14, 2024 still more than a week before responding to the Motion to Compel. *See* Dkt. No. 6 at ¶ 12. At either of these points, Microsoft could have reviewed the verification information and raised any issue with what Mr. Flynn provided. It chose not to do so. Microsoft also did not notify the Court of these facts at any point before the day on which it was due to comply with the Order. *See Chung*, 550 F. Supp. 3d at 924 (denying motion for reconsideration where party "had ample opportunity to supplement the record . . . [but] failed to do so with respect to this factual development"). Microsoft had the information that it now raises as a basis to reconsider the Court's order—namely, Mr. Flynn's consent form—well in advance of the close of briefing on Petitioners' motion to compel, to say nothing of the Court's Order. With any diligence, Microsoft could have presented that information to the Court in its initial brief. Microsoft's failure to investigate and raise any concern with Mr. Flynn's consent form does not justify revisiting the Court's Order.[3]

Microsoft's request also fails on the merits. Microsoft does not point to any part of the ECPA which requires consent to be verified on its preferred form. All that the ECPA requires is the only the "the lawful consent of the originator or an addressee or intended recipient of such communication, or the subscriber in the case of remote computing service." *See* 18 U.S.C. § 2702(b)(1). In addition to Microsoft's form, Mr. Flynn evinced his consent by way of a signed declaration, which, as Petitioners argued, is an established way of providing consent for disclosure

---

[3] Microsoft's ability to raise the issue of which it now complains distinguishes this matter from *Kamradt v. Esurance Ins. Co.*, No. 2:22-cv-01445-TL, 2024 U.S. Dist. LEXIS 167535, at *2 (W.D. Wash. 2024). Reconsideration was warranted in *Kamradt* because of a distinction in the relevant law that undermined one of Plaintiff's central claims. *Id.* at *3–4. Here, by contrast, Microsoft simply seeks to overturn the Court's Order based on facts that it could have raised in its prior briefing.

- 3 -

PETITIONERS' OPPOSITION TO
MOTION FOR RECONSIDERATION
CASE NO.: 2:24-MC-00062 TL

KNEUPPER & COVEY PC
600 1st Ave., Suite 102, PMB 2072
Seattle, WA 98104
(206) 759-7520

under the ECPA. *See* Reply in Further Support of Motion to Compel at 4. Nor does Microsoft explain why the information that Mr. Flynn provided is not sufficient to verify his identity, even if it bears a minor error.[4]

Microsoft's position is particularly baseless because its internal form goes beyond what could be expected of a normal user. Although Microsoft characterizes the information requested on the form as "basic," certain of the questions are anything but. For example, the form asks that the user provide the date on which the user created the account and the email address that they supplied at the time of creation, which in Mr. Flynn's case was nearly a decade ago. Sampson Decl., Exs. A, B. When paired with the fact that Microsoft will not say—even to Mr. Flynn—what information is incorrect, its insistence on its internal form amounts to an impossible demand. Microsoft cannot use the ECPA as a shield against complying with a subpoena or the Order of this Court, particularly when it has other documentation of Mr. Flynn's consent in its possession.

## CONCLUSION

For the foregoing reasons, Petitioners respectfully request that the Court deny the Motion for Reconsideration.

Dated: January 13, 2025                    By:    */s/ Caitlin Skurky*

**Kneupper & Covey PC**
Caitlin Skurky, Esq. (WA Bar No. 60246)
600 1st Ave., Suite 102, PMB 2072
Seattle, WA 98104
caitlin@kneuppercovey.com
(206) 759-7520
*Attorney for Movants*

---

[4] To the extent that Microsoft has provided the Skype data to Mr. Flynn directly, the request for reconsideration is groundless. If Microsoft has confirmed Mr. Flynn's identity for that purpose, then it cannot reasonably contend that it is unable to connect Mr. Flynn with the relevant Skype account. But even if Mr. Flynn exported the Skype data himself, Microsoft should be able to verify that the data were exported on or around the date that Mr. Flynn says he obtained them "from Microsoft," which similarly would corroborate Mr. Flynn's ownership of the account.

# CERTIFICATE OF WORD COUNT

I certify that this memorandum, excluding the signature block, contains 1,537 words, in compliance with the Local Civil Rules.

Dated: January 13, 2025						By:	*/s/ Caitlin Skurky*

**Kneupper & Covey PC**
Caitlin Skurky, Esq.
Washington Bar No. 60246
600 1st Ave., Suite 102, PMB 2072
Seattle, WA 98104
caitlin@kneuppercovey.com
(206) 759-7520

*Attorney for Movants*

- 5 -

PETITIONERS' OPPOSITION TO
MOTION FOR RECONSIDERATION
CASE NO.: 2:24-MC-00062 TL

KNEUPPER & COVEY PC
600 1st Ave., Suite 102, PMB 2072
Seattle, WA 98104
(206) 759-7520

# CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2025, I caused Petitioners' Opposition to Microsoft Corporation's Motion for Reconsideration be electronically transmitted to the Clerk's Office using the CM/ECF System for filing.

By:   */s/ Caitlin Skurky*

**Kneupper & Covey PC**
Caitlin Skurky, Esq.
Washington Bar No. 60246
600 1st Ave., Suite 102, PMB 2072
Seattle, WA 98104
caitlin@kneuppercovey.com
(206) 759-7520

- 6 -

PETITIONERS' OPPOSITION TO
MOTION FOR RECONSIDERATION
CASE NO.: 2:24-MC-00062 TL

KNEUPPER & COVEY PC
600 1st Ave., Suite 102, PMB 2072
Seattle, WA 98104
(206) 759-7520